# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



```
            FILED
     CLERK, U.S. DISTRICT COURT
     ┌─────────────────┐
     │   11/10/2025    │
     └─────────────────┘
   CENTRAL DISTRICT OF CALIFORNIA
   BY_____GSA_____DEPUTY
   DOCUMENT SUBMITTED THROUGH THE
   ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

TRONDERRICA JAMES; and TRAVIS JAMES,
*Plaintiffs,*
v.
SILVIA SHASHA ZHANG; and GUOJUN XUAN,
*Defendants.*

Case No.: 2:25-cv-09450-FLA-KS
Judge: Hon. Fernando L. Aenlle-Rocha
Magistrate Judge: Hon. Karen L. Stevenson

## PLAINTIFFS' EXHIBITS IN SUPPORT OF MOTION FOR ALTERNATE SERVICE

| Exhibit | Description |
|---------|-------------|
| A | Email to Silvia requesting contact info (10/16/25) |
| B | CBS confirmation of contact with Silvia (10/17/25) |
| C | Follow-up email to Silvia (10/18/25) |
| D | ABC Legal service attempt reports & notes (10/15–10/22/25) |
| E | Bilingual email & text notice (10/23/25) |
| F | Virginia court filing – Case No. CL25007296-00 |
| G | ADR Program Notice |
| H | Consent / Declination to Magistrate Judge Form |
| I | Notice of Judicial Assignment |
| J | Judge Aenlle-Rocha Standing Order |
| K | Original Complaint filed in Case No. 2:25-cv-09450-FLA-KS |
| L | Summons for Defendant Silvia Shasha Zhang |
| M | Summons for Defendant Guojun Xuan |

/s/ Tronderrica James
/s/ Travis James
*Plaintiffs, Pro Se*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT A

Email to Silvia requesting contact info (10/16/25)

EXH#71 + A

 **Gmail**

---

## Confirming Contact and Representation

1 message

---

**Janice Kenneth** <mrstronjames@gmail.com>                          Thu, Oct 16, 2025 at 12:46 PM
To: XZ <beierctt@gmail.com>, beierxz@gmail.com

Hi Sylvia,

I hope you're doing well. Please confirm whether this is still your current email address and provide the best email address for Guojun as well.

In addition, please confirm your current mailing addresses for both of you so that I can ensure my records are accurate for legal correspondence.

I have been waiting for outreach from your attorney. You stated in August that your attorney would be reaching out to me. As of today, I have not heard from you or Guojun Xuan attorney. If either of you are represented by an attorney, please also provide your attorney's name and contact information (email, phone, and mailing address) so that I can direct all future communication properly.

Thank you for your timely cooperation,

— Tronderrica James

On Thu, Aug 28, 2025 at 11:12 AM Janice Kenneth <mrstronjames@gmail.com> wrote:

    ---------- Forwarded message ---------
    From: **XZ** <beierctt@gmail.com>
    Date: Mon, Aug 4, 2025 at 3:20 PM
    Subject: Re: Accountability & Next Steps
    To: Janice Kenneth <mrstronjames@gmail.com>

I fully understand your need for timeliness and respect your right to pursue legal action. During this transitional period, I sincerely hope you can appreciate that my cautious responses are intended to ensure every subsequent step withstands legal scrutiny, thereby genuinely facilitating resolution.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT B

CBS confirmation message (10/17/25)

EXHIBIT B

**3:10**

239

C

Cara at CBS News >

iMessage
Thu, Oct 16 at 7:13 PM

Hi Tron, Cara Tabachnick CBS News
445-246-7176. 🙏

Fri, Oct 17 at 10:32 AM

If you have a quick moment to chat,
would appreciate a call. 🙏

Fri, Oct 17 at 12:51 PM

Hi Cara,

Thank you for reaching out and for
your interest in this story. I truly
appreciate the work you and your team
do, but at this time I'm **not interested
in speaking publicly** about the

3:11    EXHIBIT B



Cara at CBS News ›

Oh no, I'm so sorry —- there was some miscommunication on my end. And that is my fault I take full responsibility.

I tried to call you this morning and I'm so sorry you are going through this. I understand there is lots going on but there are so many children involved so we're trying to figure out things quickly



Also we spoke to Silvia today if you want an update.

Mon, Oct 20 at 6:09 PM

Hi Tron, just checking to check in. I'm so sorry about last week. Is there any chance we can speak on the phone one more time? Thanks!

Tue, Oct 21 at 3:08 PM

Hi Tron, Sorry we didn't get to chat earlier. We're publishing a story on the lawsuit. We think this is a very important story and want to give you an opportunity to add any additional comments or statements. And separately, we'd still love to be able to tell your story on television when you are ready.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT C

Follow-up email to Silvia (10/18/25)

EXHIBIT C

 Gmail

---

## Follow-Up: Urgent Response Needed

---

**Janice Kenneth** <mrstronjames@gmail.com>                                      Sat, Oct 18, 2025 at 2:33 PM
To: XZ <beierctt@gmail.com>, beierxz@gmail.com

Silvia,


This message is a follow-up to my previous email which requested good emails and address for you & Guojun. Neither of you have not acknowledged or answered. Despite your lack of response, CBS News confirmed that you spoke with them yesterday on 10/17/25. Your decision to communicate with outside media while refusing to respond directly to me raises serious concern and suggests an intentional effort to avoid private resolution.


I have made several good-faith attempts to contact you directly and address important pending matters that require you & Guojun cooperation. Neither of you have responded. Continued silence or avoidance on your part will be noted as further evidence of unwillingness to engage or respond responsibly.


Please respond within 48 hours of this message so we can address these matters appropriately. Failure to do so will leave me no choice but to pursue appropriate next steps through official federal channels.


With Concern,

Tronderrica James


On Thu, Oct 16, 2025 at 12:46 PM Janice Kenneth <mrstronjames@gmail.com> wrote:
> Hi Sylvia,
>
> I hope you're doing well. Please confirm whether this is still your current email address and provide the best email address for Guojun as well.
>
> In addition, please confirm your current mailing addresses for both of you so that I can ensure my records are accurate for legal correspondence.
>
> I have been waiting for outreach from your attorney. You stated in August that your attorney would be reaching out to me. As of today, I have not heard from you or Guojun Xuan attorney. If either of you are represented by an attorney, please also provide your attorney's name and contact information (email, phone, and mailing address) so that I can direct all future communication properly.
>
> Thank you for your timely cooperation,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT D

ABC Legal service attempt records

EXHIBIT D

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State, Bar number, and address):*<br>Tronderrica James <tronjamesbooks@gmail.com><br>7225 Moonraker Ave Unit 109<br>Las Vegas, NV 89178 | **FOR COURT USE ONLY** |

TELEPHONE NO.: **318-759-9557**      FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Tronderrica James; Travis James

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: **600 South Commonwealth Avenue**

MAILING ADDRESS: **600 South Commonwealth Avenue**

CITY AND ZIP CODE: **Los Angeles 90005**

BRANCH NAME: **Central District, Central Civil West Courthouse**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Tronderrica James; Travis James | CASE NUMBER:<br>**2:25-CV-09450-FLA-KS** |
| DEFENDANT/RESPONDENT: Silvia Shasha Zhang; Guojun | |
| **DECLARATION OF NON SERVICE** | Ref. No. or File No.:<br>**PS-31493** |

BY FAX

I declare that I am and was on the dates herein mentioned, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:
  **SUMMONSES IN A CIVIL ACTION; COMPLAINT**

I attempted to serve          **Silvia Shasha Zhang**
at the address of              **612 W Camino Real Ave, Arcadia, CA 91007**

and was unable to effect service for the following reasons:

**10/15/2025 5:26 PM:** I was unable to access the address due to private gate/fence although I waited and honked horn. I left Attempt Tag FW3-GPY.  I was unable to access the address due to private gate/fence although I waited, asked neighbors and honked horn.  This house is fenced gated and locked. There is no intercom. No way to contact anyone. I yelled as loud as I can for quite a while. I got no response. There is a car parked here. However, there's also Realtors lock on the drive-thru gate and there's junk piled up everywhere and trash everywhere which is unusual for a house like this in this neighborhood. This house has to cost in excess $2 million. At least. I went to neighbors on both sides. Nobody answers and they are fenced gated and locked with no intercom

**10/17/2025 5:07 PM:** I was unable to access the address due to private gate/fence although I waited and honked horn.

**10/18/2025 10:00 AM:** I was unable to access the address due to private gate/fence although I waited, called available phones, call box, asked neighbors and honked horn. I spoke with a neighbor who doesn't recognize name.  I called the phone numbers on job number 190694724 which is a ride-along service to the same address for a different individual. When I called 601-888-8888 which is on that job order worksheet I spoke to a male with a heavy Asian accent who could speak almost no English usually I can communicate in this area which is like largely a Chinese area by using my translate device however I can't use it and be on the phone at the same time there's no way to communicate so eventually he put a female on the phone and I told them I had something for Sylvia And she spoke some English she understood what was going on and when I asked if she was at the address of 612 West Camino real Avenue she said no no I don't live there. So I asked her if she could give me her actual address cuz he said no no I don't live there and she hung up

**10/19/2025 6:21 PM:** I was unable to access the address due to private gate/fence although I waited, asked neighbors, honked horn and called available phones, call box. I spoke with a neighbor who doesn't recognize name.  Neighbor across the street said that he doesn't know who lives here but he sees people here sometimes but rarely so he doesn't know if anybody lives here full-time or just comes and goes occasionally or what goes on over here

**10/20/2025 7:03 PM:** I was unable to access the address due to private gate/fence although I waited, called available phones, call box and honked horn.  There are two cars here but there's only one light on that I can see and that's above a stairway to the second floor it looks like not in a room

**10/20/2025 7:04 PM:** I placed a phone call to number ending in 8888 resulting in address invalid/moved. I spoke with Silvia Shasha Zhang. The individual appeared to be a female contact.  I first spoke to a male with a Chinese accent just as I stated several days ago on my phone attempt who then gave the phone to someone who identified themselves as Sylvia because she could speak some English although her phone number is not on her worksheet but she was there and she stated that she doesn't live at this address and neither does the other subject. I asked her if where they had moved to or whatever and she doesn't speak enough English to tell me a complete answer just she kept saying no no no live there no live there and I cannot use my translation device and have the telephone active at the same time

**DECLARATION OF NON SERVICE**

REF: **PS-31493**

| PLAINTIFF/PETITIONER: Tronderrica James; Travis James | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silvia Shasha Zhang; Guojun | 2:25-CV-09450-FLA-KS |

**unfortunately**
**10/21/2025 4:47 PM: I was unable to access the address due to private gate/fence although I waited, asked neighbors and honked horn. I spoke with a neighbor who doesn't recognize name.  There's a white Toyota parked in the driveway. There's nothing I can do here except yella's loud as I can since there's no buzzers no nothing to make contact with. I spoke to another neighbor who lives across the street who said that he never sees people come and go from here he doesn't know what goes on here. There are multiple cameras around the house so they must see that I'm coming here and I would assume they see I'm here if they're here**
**10/22/2025 3:01 PM: I was unable to access the address due to private gate/fence although I waited and honked horn.**

Fee for service: **$ 75.00**

I am a registered California process server; my name, address, phone number, and county of registration and number are:

**Michael Smith**
**210 W. Lemon Ave., Monrovia, CA 91016**
**1-818-288-4339**
**State of California, County of Los Angeles, #2013045767**

For:        **ABC Legal Services, LLC**
Registration #:  **6779**
County:      **Los Angeles**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Date: 10/22/2025

_____
Michael Smith
(PRINTED NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

BY FAX

**DECLARATION OF NON SERVICE**

Tracking #: **0191906829**



REF: **PS-31493**

EXHIBIT D3

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tronderrica  James <tronjamesbooks@gmail.com><br>7225 Moonraker Ave Unit 109<br>Las Vegas, NV 89178 | |

TELEPHONE  NO.: **318-759-9557**          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*  Tronderrica James; Travis James

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS:  **600 South Commonwealth Avenue**

MAILING ADDRESS:  **600 South Commonwealth Avenue**

CITY AND ZIP CODE:  **Los Angeles 90005**

BRANCH NAME:  **Central District, Central Civil West Courthouse**

| PLAINTIFF/PETITIONER: Tronderrica James; Travis James | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silvia Shasha Zhang; Guojun | **2:25-CV-09450-FLA-KS** |

| **DECLARATION OF NON SERVICE** | Ref. No. or File No.:  **PS-31493** |
|---|---|

I declare that I am and was on the dates herein mentioned, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:
**SUMMONSES IN A CIVIL ACTION; COMPLAINT**

I attempted to serve          **Guojun Xuan**
at the address of             **612 W Camino Real Ave, Arcadia, CA 91007**

BY FAX

and was unable to effect service for the following reasons:

**10/15/2025 5:24 PM: I was unable to access the address due to private gate/fence although I waited, asked neighbors and honked horn. This house is fenced gated and locked. There is no intercom. No way to contact anyone. I yelled as loud as I can for quite a while. I got no response. There is a car parked here. However, there's also Realtors lock on the drive-thru gate and there's junk piled up everywhere and trash everywhere which is unusual for a house like this in this neighborhood. This house has to cost in excess $2 million. At least. I went to neighbors on both sides. Nobody answers and they are fenced gated and locked with no intercom**
**10/15/2025 5:26 PM: I was unable to access the address due to private gate/fence although I waited and honked horn. I left Attempt Tag FW3-GPY. I was unable to access the address due to private gate/fence although I waited, asked neighbors and honked horn. This house is fenced gated and locked. There is no intercom. No way to contact anyone. I yelled as loud as I can for quite a while. I got no response. There is a car parked here. However, there's also Realtors lock on the drive-thru gate and there's junk piled up everywhere and trash everywhere which is unusual for a house like this in this neighborhood. This house has to cost in excess $2 million. At least. I went to neighbors on both sides. Nobody answers and they are fenced gated and locked with no intercom**
**10/17/2025 5:07 PM: I was unable to access the address due to private gate/fence although I waited and honked horn.**
**10/18/2025 10:11 AM: I was unable to access the address due to private gate/fence although I waited, asked neighbors, called available phones, call box and honked horn. I spoke with a neighbor who doesn't recognize name.  I spoke to a middle-aged sounding male basically only spoke Chinese on the phone at number 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. He understood a little English and I told him I was at this address and he said no no and I asked him did he live here at this address he said no no but the rest of it was in Chinese then he put a female on the phone and she identified herself as Sylvia Zhang who is the subject on job number 190694723 and she stated they don't live here I asked for more information and she hung up**
**10/18/2025 10:13 AM: I placed a phone call to number ending in 8888 resulting in address invalid/moved. I spoke with Silvia Shasha Zhang. The individual appeared to be a female contact.  I first spoke to a middle-aged sounding male who basically only spoke Chinese every time I ask about this address if it was correct he said no no no but didn't spoken Chinese again however in a few moments he then put a different person on the phone a female who identified herself as Sylvia Zhang who is the subject on a related job coming here 190694723 and she said she doesn't live at this address I assume she meant the mail too since she apparently was right beside him when I was talking to them on the phone however she was not forthcoming with a new address she just said we don't live here no no no we don't live here then she hung up**
**10/18/2025 10:15 AM: I placed a phone call to number ending in 5411 resulting in leaving voice mail.**
**10/19/2025 6:21 PM: I was unable to access the address due to private gate/fence although I waited, asked neighbors, honked horn and called available phones, call box. I spoke with a neighbor who doesn't recognize name.  Neighbor**

**DECLARATION OF NON SERVICE**

REF: **PS-31493**

| PLAINTIFF/PETITIONER: Tronderrica James; Travis James | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silvia Shasha Zhang; Guojun | 2:25-CV-09450-FLA-KS |

across the street said that he doesn't know who lives here but he sees people here sometimes but rarely so he doesn't know if anybody lives here full-time or just comes and goes occasionally or what goes on over here

10/20/2025 7:03 PM: I was unable to access the address due to private gate/fence although I waited, called available phones, call box and honked horn. There are two cars here but there's only one light on that I can see and that's above a stairway to the second floor it looks like not in a room

10/21/2025 4:47 PM: I was unable to access the address due to private gate/fence although I waited, asked neighbors and honked horn. I spoke with a neighbor who doesn't recognize name. There's a white Toyota parked in the driveway. There's nothing I can do here except yella's loud as I can since there's no buzzers no nothing to make contact with. I spoke to another neighbor who lives across the street who said that he never sees people come and go from here he doesn't know what goes on here. There are multiple cameras around the house so they must see that I'm coming here and I would assume they see I'm here if they're here

10/22/2025 3:01 PM: I was unable to access the address due to private gate/fence although I waited and honked horn.

Fee for service: $ 75.00

I am a registered California process server; my name, address, phone number, and county of registration and number are:

**Michael Smith**
**210 W. Lemon Ave., Monrovia, CA 91016**
**1-818-288-4339**
**State of California, County of Los Angeles, #2013045767**

For:         **ABC Legal Services, LLC**
Registration #: **6779**
County:      **Los Angeles**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Date:  10/22/2025

Michael Smith
(PRINTED NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

BY FAX



REF: **PS-31493**

**DECLARATION OF NON SERVICE**

Tracking #: **0191906717**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT E

Bilingual notice text + email (10/23/25)

3:20

EXHIBIT E



239



S

**2 People** ›

**Text Message · SMS**
Thu, Oct 23 at 2:16 AM

尊敬的张莎莎 和 宣国军，

此邮件旨在确认，与您二人有关的 阿卡迪亚代孕案件 的法律文件目前正在等待送达。送达员已多次尝试在您上次已知的地址（加利福尼亚州阿卡迪亚市 El Camino Real）进行送达。

请提供您目前完整的邮寄地址，以便送达员能够按照加州法律完成正式送达。

如果在48小时内未收到您的回复，我们将向法院提出替代送达申请，并提交尽职努力的证明。

感谢您对本事项的关注。

此致，
特隆德瑞卡·詹姆斯

Dear Silvia Zhang and Guojun Xuan,

This message is to confirm that legal documents related to the Arcadia surrogacy case are pending delivery for both of you. The process server has made multiple attempts to deliver these documents at your last known address on El Camino Real in Arcadia, California.

Please provide your current and

Text Message · SMS

3:20

EXHIBIT E2

 239



2 People

特隆德瑞卡·詹姆斯

Dear Silvia Zhang and Guojun Xuan,

This message is to confirm that legal documents related to the Arcadia surrogacy case are pending delivery for both of you. The process server has made multiple attempts to deliver these documents at your last known address on El Camino Real in Arcadia, California.

Please provide your current and complete mailing address so that the process server can complete formal service in accordance with California law.

If we do not receive a response within 48 hours, we will proceed with a motion for alternate service and file proof of our due diligence with the court.

Thank you for your attention to this matter.

Sincerely,
Tronderrica James

Text Message • SMS

3:20

EXHIBIT E3                                    Done



S

**Silvia Shasha Zhang and +1 (601) 888-8888**

Change Name and Photo

📞 call          📹 video          ✉️ mail

**2 People**
Silvia Shasha Zhang, +1 (601) 888...          ⌄

**Silvia Shasha Zhang**                          ›
*024-223-9068*

**+1 (601) 888-8888**                            ›

➕  **Add Contact**

**Show in Shared with You**                    

Content shared in this conversation will appear in selected apps. Pins will always show. Learn more...

**Hide Alerts**

**Delete and Block this Conversation**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT F

Virginia case filing record

1:13    *EXHIBIT F*    .ıll 5G⁵⁻ 4

**Access the information you need** to keep up
with your clients and stay ahead of the
competition all in one place.

● **New Suit - Contract**

Case:
Xuan, Guojun v. King, Stacy Raelyn
CL25007296-00

Court:
Virginia Circuit Court, City of Chesapeake

Date Filed:
October 14, 2025

Plaintiffs:
Guojun Xuan, Silvia Shasha Zhang

Defendants:
Anthony Gordon King, Sentara Hospitals    + 1

Plaintiff Counsel:
Aaron Pomeranz

Case Type:
civil - contract action

Claims:
Contract & Quasi-Contract Claims

law.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT G

ADR program notice

Case: 2:25cv9450   Doc: 6

Tronderrica  James
7225 Moonraker Ave No. 109
Las Vegas, NV 89178

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Bcc:
--Paper recipients: Tronderrica James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US, Travis James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US
--Case Participants: Judge Fernando L. Aenlle-Rocha (crd_aenlle-rocha@cacd.uscourts.gov),
Magistrate Judge Karen L. Stevenson (crd_stevenson@cacd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:
Message-Id:<41144691@cacd.uscourts.gov>Subject:Activity in Case 2:25-cv-09450-FLA-KS
Tronderrica James et al v. Silvia Shasha Zhang et al Notice to Parties of Court-Directed ADR Program
(ADR-8) - optional html form Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 10/16/2025 at 0:04 AM PDT and filed on 10/16/2025

| | |
|---|---|
| **Case Name:** | Tronderrica James et al v. Silvia Shasha Zhang et al |
| **Case Number:** | 2:25-cv-09450-FLA-KS |
| **Filer:** | |
| **Document Number:** | 6 |

**Docket Text:**
**NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed.(mza)**

**2:25-cv-09450-FLA-KS Notice has been electronically mailed to:**
**2:25-cv-09450-FLA-KS Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :**
Tronderrica James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US
Travis James

7225 Moonraker Ave No. 109
Las Vegas NV 89178
US

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES, et al.

Plaintiff(s)

v.

SILVIA SHASHA ZHANG, et al.

Defendant(s).

CASE NUMBER:

2:25−cv−09450−FLA−KS

**NOTICE TO PARTIES OF
COURT−DIRECTED ADR PROGRAM**

## NOTICE TO PARTIES:

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

_ October 16, 2025 _
Date

By  _/s/ Megan K Zari_
Deputy Clerk

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
### AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
**Counsel are required to furnish and discuss this Notice with their clients.**

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come to the initial scheduling conference prepared to discuss the parties' choice of ADR option. The ADR options available are: a settlement conference before the magistrate judge assigned to the case or the magistrate judge in Santa Barbara, the Court Mediation Panel, and private mediation. Counsel are also required to indicate the client's choice of ADR option in advance of the initial scheduling conference. *See* L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Each year thousands of civil cases are filed in this district, yet typically no more than one percent go to trial. Most cases are settled between the parties, voluntarily dismissed, resolved through Court-directed or other forms of ADR, or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT H

Magistrate judge consent form

Case: 2:25cv9450  Doc: 7

Tronderrica  James
7225 Moonraker Ave No. 109
Las Vegas, NV 89178

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Bcc:
--Paper recipients: Tronderrica James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US, Travis James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US
--Case Participants: Judge Fernando L. Aenlle-Rocha (crd_aenlle-rocha@cacd.uscourts.gov),
Magistrate Judge Karen L. Stevenson (crd_stevenson@cacd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:
Message-Id:<41144694@cacd.uscourts.gov>Subject:Activity in Case 2:25-cv-09450-FLA-KS
Tronderrica James et al v. Silvia Shasha Zhang et al Notice to Counsel Re: Consent to Proceed before
a US Magistrate Judge - optional html form Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 10/16/2025 at 0:07 AM PDT and filed on 10/16/2025

| | |
|---|---|
| **Case Name:** | Tronderrica James et al v. Silvia Shasha Zhang et al |
| **Case Number:** | 2:25-cv-09450-FLA-KS |
| **Filer:** | |
| **Document Number:** | 7 |

**Docket Text:**
**Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (mza)**

**2:25-cv-09450-FLA-KS Notice has been electronically mailed to:**
**2:25-cv-09450-FLA-KS Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :**
Tronderrica James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US
Travis James

7225 Moonraker Ave No. 109
Las Vegas NV 89178
US

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TRONDERRICA JAMES, et al.

PLAINTIFF(S),

v.

SILVIA SHASHA ZHANG, et al.

DEFENDANT(S).

CASE NUMBER:

2:25-cv-09450-FLA-KS

**Notice to Counsel Re Consent to Proceed
Before a United States Magistrate Judge**

The parties are advised they may consent to proceed before any available magistrate judge participating in the Voluntary Consent to Magistrate Judges Program to conduct all further proceedings in the case pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73. The consent list and consent form are available on the court's website at http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges-program. To confirm a particular magistrate judge's availability to schedule the trial in the time frame desired by the parties and/or willingness to accommodate any other special requests of the parties, please contact the magistrate judge's courtroom deputy prior to filing the consent.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. The parties can select a participating Magistrate Judge from any of the three divisions in the Central District of California. There may be other advantages or disadvantages which you will want to consider.

The plaintiff or removing party must serve this Notice on each named party in the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT I

Notice of judicial assignment

Case: 2:25cv9450   Doc: 5

Tronderrica  James
7225 Moonraker Ave No. 109
Las Vegas, NV 89178

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Bcc:
--Paper recipients: Tronderrica James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US, Travis James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US
--Case Participants: Judge Fernando L. Aenlle-Rocha (crd_aenlle-rocha@cacd.uscourts.gov),
Magistrate Judge Karen L. Stevenson (crd_stevenson@cacd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:
Message-Id:<41144688@cacd.uscourts.gov>Subject:Activity in Case 2:25-cv-09450-FLA-KS
Tronderrica James et al v. Silvia Shasha Zhang et al Notice of Assignment to United States
Judges(CV-18) - optional html form Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 10/16/2025 at 0:04 AM PDT and filed on 10/16/2025

| | |
|---|---|
| **Case Name:** | Tronderrica James et al v. Silvia Shasha Zhang et al |
| **Case Number:** | 2:25-cv-09450-FLA-KS |
| **Filer:** | |
| **Document Number:** | 5 |

**Docket Text:**
**NOTICE OF ASSIGNMENT to District Judge Fernando L Aenlle-Rocha and Magistrate Judge
Karen L. Stevenson. (mza)**

**2:25-cv-09450-FLA-KS Notice has been electronically mailed to:**
**2:25-cv-09450-FLA-KS Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :**
Tronderrica James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US

Travis James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

District Judge  **Fernando L Aenlle−Rocha**
Magistrate Judge  **Karen L. Stevenson**

The case number on all documents filed with the Court should read as follows:

**2:25−cv−09450 FLA (KSx)**

District judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. Discovery-related motions should be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.

Clerk, U.S. District Court

_October 16, 2025_
Date

By  _/s/ Megan K Zari_
Deputy Clerk

---

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

---

CV-18 (08/19)        **NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and
TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG; and
GUOJUN XUAN,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# EXHIBIT J

Judge Aenlle-Rocha standing order

Tronderrica  James
7225 Moonraker Ave No. 109
Las Vegas, NV 89178

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Bcc:
--Paper recipients: Tronderrica James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US, Travis James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US
--Case Participants: Judge Fernando L. Aenlle-Rocha (crd_aenlle-rocha@cacd.uscourts.gov),
Magistrate Judge Karen L. Stevenson (crd_stevenson@cacd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:
Message-Id:<41217282@cacd.uscourts.gov>Subject:Activity in Case 2:25-cv-09450-FLA-KS
Tronderrica James et al v. Silvia Shasha Zhang et al Initial Order upon Filing of Complaint - form only
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 10/27/2025 at 9:22 AM PDT and filed on 10/27/2025

| | |
|---|---|
| **Case Name:** | Tronderrica James et al v. Silvia Shasha Zhang et al |
| **Case Number:** | 2:25-cv-09450-FLA-KS |
| **Filer:** | |
| **Document Number:** | 8 |

**Docket Text:**
**INITIAL STANDING ORDER upon filing of the complaint by Judge Fernando L.
Aenlle-Rocha. (doc)**

**2:25-cv-09450-FLA-KS Notice has been electronically mailed to:**
**2:25-cv-09450-FLA-KS Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :**
Tronderrica James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US

Travis James
7225 Moonraker Ave No. 109
Las Vegas NV 89178
US

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES, et al.

     Plaintiff(s),

         v.

SILVIA SHASHA ZHANG, et al.

     Defendant(s).

Case No.  2:25−cv−09450−FLA−KS

**STANDING ORDER**

    **PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS ACTION AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.** Counsel for Plaintiff(s) shall serve this order <u>immediately</u> on all parties and/or their attorney(s), including any new parties to the action. If this action has been removed from the state court, the defendant who removed the action shall serve this order on all other parties.

/ / /

/ / /

/ / /

1

2

# CONTENTS

3

I. INTRODUCTION.................................................................. 3
   A. Service of the Complaint......................................... 3
4
   B. Removed Actions................................................... 3
   C. Assignment to a United States Magistrate Judge.................... 4
5
   D. Calendar Conflicts................................................ 4

6
II. DISCOVERY.................................................................... 4
   A. Discovery Matters Referred to United States Magistrate Judge............ 4
7
   B. Compliance with Fed. R. Civ. P. 26(a)................................ 5

8
III. MOTIONS – GENERAL REQUIREMENTS........................................ 5
9
   A. Time for Filing and Hearing Motions................................ 5
   B. Pre-Filing Requirement to Meet and Confer......................... 6
10
   C. Length and Format of Motion Papers............................... 6
   D. Citations to Case Law............................................. 7
11
   E. Citations to Other Sources......................................... 7
   F. Oral Argument.................................................... 7
12

13
IV. SPECIFIC MOTION REQUIREMENTS........................................... 7
   A. Motions Pursuant to Fed. R. Civ. P. 12............................ 7
   B. Motions to Amend................................................ 8
14
   C. Motions for Class Certification.................................... 8
   D. Summary Judgment Motions...................................... 8
15
      1. Statements of Uncontroverted Facts and Genuine Disputes............ 10
      2. Supporting Evidence......................................... 12
16
      3. Objections to Evidence...................................... 13
17
      4. Motions for Attorney's Fees.................................. 13

18
V. ADDITIONAL REQUIREMENTS.................................................. 14
   A. Proposed Orders.................................................. 14
19
   B. Chambers Courtesy Copies........................................ 14
   C. Proposed Protective Orders........................................ 15
20
   D. Filings Under Seal................................................ 15
   E. Appearance at Hearings........................................... 16
21
   F. *Ex Parte* Applications............................................ 16
   G. Injunctions and Restraining Orders................................. 17
22
   H. Continuances..................................................... 17
   I. Communications with Chambers.................................... 18
23
   J. Order Setting Scheduling Conference............................... 18
   K. Settlement Conference / Alternative Dispute Resolution ("ADR")...... 18

24

25

26

27

28

Rev. 2/1/25

## I.  INTRODUCTION

This action has been assigned to the calendar of United States District Judge Fernando L. Aenlle-Rocha. Both the court and counsel bear responsibility for the progress of this action. To "secure the just, speedy, and inexpensive determination" of the action, Fed. R. Civ. P. 1, all parties or their counsel, including *pro se* litigants,[1] are ordered to be familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California ("Local Rules"), and this court's standing orders, online procedures, and schedules.

Unless the court orders otherwise, the following rules shall apply.

### A.  Service of the Complaint

Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Any defendant not timely served under Fed. R. Civ. P. 4(m), including "Doe" or fictitiously named defendants, shall be dismissed from the action.

### B.  Removed Actions

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). Any pending motions must be re-noticed in accordance with Local Rule 7. Counsel shall file with his or her first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action removed to this court contains a state court Judicial Council form pleading (*i.e.*, a pleading in which a party selects claims or defenses by checking boxes), the party that filed the form pleading must file a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11, within thirty (30) days of receipt of the Notice of Removal.

---

[1] Parties appearing *pro se* must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

### C.    Assignment to a United States Magistrate Judge

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District Court's website, which also contains the consent form.

### D.    Calendar Conflicts

If any counsel discovers a calendar conflict with a scheduled appearance in a court of a more senior district judge, counsel must inform opposing counsel and the Courtroom Deputy Clerk via chambers email address at twyla_freeman@cacd.uscourts.gov as soon as possible and not later than three (3) business days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and [Proposed] Order.

## II.    DISCOVERY

### A.    Discovery Matters Referred to United States Magistrate Judge

All discovery matters are hereby referred to the assigned Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the district judge's initials next to the action number. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing and must follow the Magistrate Judge's procedures for scheduling matters for hearing. These procedures are stated on each Magistrate Judge's webpage.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's decision shall be final, and this court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this court. *See* Local Rule 72-2. The moving party must file

1   and serve the motion within fourteen (14) days of service of a written ruling or

2   within fourteen (14) days of an oral ruling the Magistrate Judge states will not be

3   followed by a written ruling. The motion must specify which portions of the ruling

4   are clearly erroneous or contrary to law and support the contention with points and

5   authorities. Counsel shall deliver a conformed copy of the moving papers and

6   responses to the Magistrate Judge's Courtroom Deputy Clerk at the time of filing.

7      **B.    Compliance with Fed. R. Civ. P. 26(a)**

8      Unless there is a likelihood that, upon motion by a party, the court would

9   order that discovery be stayed, the parties should begin to propound discovery

10  before the Scheduling Conference. The parties must comply fully with the letter

11  and spirit of Fed. R. Civ. P. 26(a) and produce discovery promptly. At the

12  Scheduling Conference, the court will impose deadlines governing the completion

13  of discovery.

14  **III.  MOTIONS – GENERAL REQUIREMENTS**

15     **A.    Time for Filing and Hearing Motions**

16     Motions shall be filed in accordance with Local Rules 6 and 7. The court

17  hears motions in civil actions on Fridays, beginning at 1:30 p.m. It is not necessary

18  to clear a hearing date with the Courtroom Deputy Clerk before filing a motion,

19  except for motions for summary judgment, temporary restraining orders, or

20  preliminary injunctions. The parties must adhere to the briefing schedule set forth

21  in Local Rules 7-9 and 7-10, and the schedule herein for Fed. R. Civ. P. 56 motions,

22  to afford the court adequate time to prepare for the hearing. If the motion hearing

23  date selected is not available, the court will issue an order continuing the hearing.

24  Professional courtesy dictates, and the court fully expects, the parties will

25  accommodate each other's schedules, including vacations and holidays, whenever

26  possible. The parties should not calendar a matter on a Friday that is a court

27  holiday. If this occurs, the court will re-calendar the matter for another Friday.

28  ///

### B.  Pre-Filing Requirement to Meet and Confer

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly ... the substance of the contemplated motion and any potential resolution." Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the court. Counsel shall resolve minor procedural or other non-substantive matters during the conference. The *pro se* status of one or more parties does not negate this requirement. The Notice of Motion must include a statement of compliance with Local Rule 7-3. The court may strike or deny a motion if counsel fail to meet and confer in good faith.

### C.  Length and Format of Motion Papers

Memoranda of points and authorities shall not exceed 7,000 words. *See* Local Rule 11-6.1. A handwritten brief or a brief prepared using a typewriter may not exceed 25 pages, excluding the caption (if on a separate cover page), the table of contents, the table of authorities, the signature block, and any indices and exhibits. All submitted briefs must be accompanied by a Certificate of Compliance as set forth in Local Rule 11-6.2. Replies shall not exceed 4,200 words or fifteen (15) pages for handwritten briefs and briefs prepared using a typewriter. Only in rare instances and for good cause shown will the court grant an application to extend these word or page limitations. No supplemental brief shall be filed without prior leave of court.

Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1. Times New Roman font must be no less than fourteen (14) point, and Courier font must be no less than twelve (12) point. Footnotes shall be in the same font and the same size as the body of the memorandum.

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf so that when a document is e-filed, it is in the proper size, is

1  searchable, and the text can be selected and copied. *See* Local Rule 5-4.3.1.

2  **D.    Citations to Case Law**

3  Bluebook style is required. Citations to case law must identify not only the

4  case cited, but the specific page referenced. For example, if a quotation is

5  presented, the associated page citation shall be provided. Similarly, if a case is

6  cited in support of a proposition based on language in the opinion, the page on

7  which such language appears shall be provided.

8  **E.    Citations to Other Sources**

9  Bluebook style is required. Statutory references must identify with

10  specificity the sections and subsections referenced. Citations to treatises, manuals,

11  and other materials should include the volume, section, and pages being referenced.

12  Citations to prior filings in the same action shall include the docket entry number,

13  section, and pages referenced.

14  **F.    Oral Argument**

15  If the court deems a matter appropriate for decision without oral argument,

16  the court will take the matter under submission and notify the parties before the

17  hearing.

18  The parties' lead counsel are encouraged to permit junior or less experienced

19  litigators to participate in court proceedings, including to argue motions and to

20  examine witnesses at trial. The court is more likely to hear oral argument if a party

21  notes in its moving or opposing papers, in bold and underlined font, that a litigator

22  who graduated from law school within the last five (5) years, or otherwise has had

23  minimal oral advocacy experience, will conduct the argument.

24  **IV.  SPECIFIC MOTION REQUIREMENTS**

25  **A.    Motions Pursuant to Fed. R. Civ. P. 12**

26  Many motions to dismiss or strike can be avoided if the parties confer in

27  good faith as required by Local Rule 7-3, especially for perceived defects in a

28  complaint, answer, or counterclaim that can be corrected by amendment. *See*

1    *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is

2    granted, a district court should grant leave to amend unless it is clear the complaint

3    cannot be saved by amendment). Moreover, a party has the right to amend the

4    complaint "once as a matter of course within: (A) 21 days after serving it, or (B) if

5    the pleading is one to which a responsive pleading is required, 21 days after service

6    of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e),

7    or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Even after a complaint has

8    been amended or a responsive pleading has been served, leave to amend shall be

9    "freely give[n]... when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the

10   Ninth Circuit requires the policy favoring amendment to be applied with "extreme

11   liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th

12   Cir. 1990).

13       Thus, parties should carefully consider and weigh an opponent's contentions

14   as to the deficiencies in a pleading. In most instances, the parties should agree to

15   any amendment that would cure the defect.

16   **B.    Motions to Amend**

17       In addition to the requirements of Local Rule 15-1, all motions to amend

18   pleadings shall include "clean" and "redlined" versions of the proposed amended

19   pleading, identifying all additions and deletions of material, as attachments to the

20   moving papers.

21   **C.    Motions for Class Certification**

22       Notwithstanding Local Rule 23-3, the deadline for the filing of a motion for

23   class certification will be set pursuant to the parties' stipulation during the

24   Scheduling Conference or in a Scheduling Order. No request for relief from Local

25   Rule 23-3 is necessary.

26   **D.    Summary Judgment Motions**

27       No party may file more than one motion pursuant to Fed. R. Civ. P. 56

28   regardless of whether such motion is denominated a motion for summary judgment

1  or summary adjudication, without leave of court. The parties shall not attempt to

2  evade the word or page limitations for briefs by filing multiple motions. If a party

3  believes good cause exists for more than one summary judgment motion or to

4  increase word or page limits, the party shall seek leave by noticed motion setting

5  forth a detailed showing of good cause. Failure to do so will result in the striking of

6  the motion(s). Pursuant to Fed. R. Civ. P. 56(f), when appropriate, based on

7  undisputed facts and controlling principles of law, the court may *sua sponte* enter

8  summary judgment in favor of the non-moving party.

9      Also, the court will not entertain cross-motions that seek to adjudicate the

10  same legal issues. If parties wish to cross-move for summary judgment, their

11  counsel shall meet and confer to determine which party will move and which will

12  oppose the one motion for summary judgment. In actions involving multiple sets of

13  parties represented by separate counsel (such as a case involving two sets of

14  defendants which are each represented by their own counsel), the parties shall meet

15  and confer regarding the briefing schedule for the one motion for summary

16  judgment. Any requests for additional motions, pages, or words based on the

17  existence of multiple sets of parties must be supported by a showing of good cause.

18  All non-compliant motions will be stricken absent leave of court.

19      Parties need not wait until the motion cutoff date to bring motions for

20  summary judgment or partial summary judgment. The hearing on any such motion

21  shall be set for a date in advance of the Final Pretrial Conference. This court

22  requires an extended briefing schedule for motions under Rule 56, as follows:

23  •  Any Rule 56 Motion must be filed at least thirty-five (35) days before

24     the noticed hearing date.

25  •  Any Opposition must be filed at least twenty-one (21) days before the

26     noticed hearing date (fourteen (14) days after the Motion is filed).

27  •  Any Reply must be filed at least fourteen (14) days before the noticed

28     hearing date (seven (7) days after the opposition is filed).

1   This briefing schedule is the default. The parties may stipulate to a modified

2   schedule that is reasonable for all parties and provides the court at least two weeks

3   between the reply deadline and the hearing date.

4        The parties should prepare papers in a fashion that will assist the court in

5   processing and analyzing the facts, including through the use of tables of contents,

6   headings, indices, bookmarks in electronic documents, and pinpoint citations. The

7   parties shall comply with Local Rules 56-1 through 56-2, considering the court's

8   additional requirements described below.

9        **1.    Statements of Uncontroverted Facts and Genuine Disputes**

10       The Separate Statement of Uncontroverted Facts required under Local Rule

11  56-1 shall be prepared in a two-column table, as shown below. The left-hand

12  column sets forth the allegedly undisputed fact. The right-hand column sets forth

13  the evidence that supports the factual statement. The factual statements should be

14  set forth in sequentially numbered paragraphs. Each paragraph should contain a

15  narrowly focused statement of fact. Each numbered paragraph should address a

16  single subject as concisely as possible. *See* Local Rule 56-2.

17  **Plaintiff's Claim for _____ is Barred by the Applicable Statute of Limitations.**

| Undisputed Fact | Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2.  Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. |

23       The opposing party's Statement of Genuine Disputes of Material Fact must

24  be in two columns and track the movant's separate statement exactly as prepared.

25  The left-hand column must restate the allegedly undisputed fact and the right-hand

26  column must state either that it is undisputed or disputed. *See* Local Rule 56-3.

27  The opposing party may dispute all or only a portion of the statement, but if

28  disputing only a portion, it must clearly indicate what part is being disputed,

followed by a brief citation to the opposing party's evidence controverting the fact.
To demonstrate that a fact is disputed, the opposing party must briefly state why it
disputes the moving party's asserted fact, cite to the relevant exhibit or other
evidence, and describe the reason(s) the exhibit or evidence refutes the asserted
fact. No legal argument should be set forth in this document. Disputes based on
evidentiary objections should cite the relevant objection from the separate statement
of evidentiary objections.

| Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo (Smith Decl. Ex. 4) at 29:4-16. |
| 2.  Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21. | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane Depo. at 3:4-10. |

The opposing party may submit additional material facts that bear on or relate
to the issues raised by the movant, which shall follow the format described above
for the moving party's separate statement. These additional facts shall continue in
sequentially numbered paragraphs and shall set forth in the right-hand column the
evidence that supports that statement.

With its Reply, the moving party shall file a Response to the Statement of
Genuine Disputes of Material Fact and Additional Material Facts. *See* Local Rule
56-4. For each fact, the Response shall restate the allegedly undisputed fact and
state whether the fact is disputed or undisputed by the opposing party. If the fact is
undisputed, no further response is required.

If the fact is disputed, the Response shall restate the opposing party's
evidence and reason for disputing the asserted fact. The moving party may provide
a response to the opposing party's reason for dispute, including any reason why the

1    evidence cited by the opposing party does not create a genuine dispute and/or any

2    additional evidence relevant to the asserted fact. This response may either be

3    presented in three columns, with the response appearing in the right-hand column,

4    or in two columns, with a response provided below each fact. *See* Local Rule 56-3.

5        The Response may also include any response to additional material facts

6    asserted by the non-moving party, and this response shall follow the format

7    described above for the Statement of Genuine Disputes of Material Fact. The

8    response to these additional facts shall continue in sequentially numbered

9    paragraphs, and shall not restart the numbering.

10       All facts asserted by either party, whether disputed or undisputed, and all

11   supporting evidence cited, shall be included in the Response. <u>Do not repeat</u>

12   <u>descriptions of and citations to the evidence.</u> If you have already described and

13   cited the evidence once, simply refer to the earlier citation succinctly (*e.g.,* "*See*

14   *supra*, Fact # 1").

15           **2.    Supporting Evidence**

16       No party shall submit evidence other than the specific items of evidence or

17   testimony necessary to support or controvert a proposed statement of undisputed

18   fact. For example, entire deposition transcripts, entire sets of interrogatory

19   responses, and documents that do not specifically support or controvert material in

20   the separate statement shall not be submitted in opposition to a motion for summary

21   judgment. Evidence submitted in support of or in opposition to a motion should be

22   submitted either by way of stipulation or as exhibits to declarations sufficient to

23   authenticate the proffered evidence, and should not be attached to the memorandum

24   of points and authorities. Documentary evidence for which there is no stipulation

25   regarding foundation must be accompanied by the testimony, either by declaration

26   or properly authenticated deposition transcript, of a witness who can establish

27   authenticity.

28   / / /

### 3. Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection should be stated succinctly in a separate statement of evidentiary objections in a two-column format. The left column should identify the underlined evidence objected to (*i.e.*, the evidentiary objections must be directed to evidence, not purported facts), including page and line number if applicable, and the right column should set forth a concise objection (*e.g.*, hearsay, lack of foundation, *etc.*) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and emailed in Word format directly to the court's chambers email address at fla_chambers@cacd.uscourts.gov.

The court treats motions to admit or exclude evidence, including expert testimony and/or reports, as motions *in limine* subject to the requirements set forth in the court's Scheduling and Trial Order. Challenges to expert testimony and/or reports should be brought as motions *in limine*. Failure to comply with the court's orders may result in the striking of a motion.

### E. Motion for Attorney's Fees

Motions for attorney's fees shall be e-filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (*i.e.*, partner, counsel, associate, *etc.*).

The first table shall include a summary of the hours worked by each attorney, organized by task (*i.e.*, discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

/ / /

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

All tables shall be attached to the motion and electronically filed. The courtesy copy of the table shall be emailed to the court's chambers email address at fla_chambers@cacd.uscourts.gov as a Microsoft Excel file with all restrictions removed so the spreadsheet can be edited.

## V.    ADDITIONAL REQUIREMENTS

### A.    Proposed Orders

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. In addition, a copy of the proposed order in Word format shall be emailed directly to the court's chambers email address at fla_chambers@cacd.uscourts.gov on the day the document is e-filed.

The parties **must** use the template for proposed orders available on Judge Aenlle-Rocha's website. The proposed order must include the entire relief the parties seek. Failure to email a proposed order in Word format using the court's template may result in the court striking the motion, application, or stipulation without consideration of the request on its merits.

### B.    Chambers Courtesy Copies

The processing of unnecessary chambers copies wastes resources and burdens the court. Chambers copies should not be submitted unless requested. This order, however, is not intended to affect the parties' ability to file and lodge documents and materials that are exempt from electronic filing under Local Rule 5-4.2.

/ / /

1    The court refers the parties to the Scheduling and Trial Order for details

2    regarding mandatory chambers copies for pretrial documents and trial exhibits.

3    **C.    Proposed Protective Orders**

4    Proposed protective orders pertaining to discovery must be submitted to the

5    assigned Magistrate Judge. Protective orders must not purport to allow any matters

6    to be filed under seal in connection with dispositive motions (including a class

7    certification motion) or trial without a court order. The existence of a protective

8    order alone does not authorize the filing of pleadings or other documents under seal

9    in whole or in part.

10    **D.    Filing Under Seal**

11    Local Rule 79-5 governs applications to file documents under seal. Local

12    Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if leave

13    is granted. Parties must comply with all provisions of Local Rule 79-5.

14    There is a strong presumption of access in civil actions. *Foltz v. State Farm*

15    *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or

16    other type of information a party seeks to file under seal, the party must identify

17    and discuss the factual and/or legal justification that establishes "good cause" or

18    "compelling reasons" for the information to be protected. *Kamakana v. City and*

19    *County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

20    Documents that are not confidential or privileged in their entirety should not

21    be filed under seal if the confidential portions can be redacted and filed separately

22    with a reasonable amount of effort. The parties should file a complete version of

23    the documents under seal and a redacted version for public viewing, omitting only

24    the portions that the court has authorized to be filed under seal.

25    Sealing must be justified for each individual item: blanket claims of

26    confidentiality will result in the application to seal being denied. Counsel is

27    strongly encouraged to consider carefully whether sealing or redaction is absolutely

28    required for a given piece of evidence or argument. An application to seal that

1    includes meritless requests to seal or redact documents will be denied. The parties

2    also must meet and confer before filing an application to seal.

3    **E.    Appearance at Hearings**

4    The court requires in-person attendance for all hearings and trials, unless

5    otherwise instructed by the court. The court may permit appearances by telephone

6    or video conference for status conferences upon a showing that a personal

7    appearance will cause undue hardship. If you wish to appear by telephone or video

8    conference, you must:

9        1.    email the Courtroom Deputy Clerk and copy opposing counsel at least

10           three (3) court days in advance of the scheduled appearance and

11           provide a detailed statement of undue hardship;

12        2.    use a landline to call into the bridge line provided by the Courtroom

13           Deputy Clerk or use a hardline internet connection to connect to the

14           Zoom link for the court; and

15        3.    be available and ready to call in for at least fifteen (15) minutes before

16           the time of the scheduled hearing.

17    **F.    *Ex Parte* Applications**

18    The court considers ex parte applications on the papers and does not usually

19    set these matters for hearing. The parties will be notified if the court deems a

20    hearing necessary. *Ex parte* applications are solely for extraordinary relief and

21    should be used with discretion. Sanctions may be imposed for misuse of *ex parte*

22    applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488

23    (C.D. Cal. 1995).

24    *Ex parte* applications that fail to conform to Local Rules 7-19 and 7-19.1,

25    including a statement of opposing counsel's position, will not be considered except

26    upon a specific showing of good cause. The moving party shall serve the opposing

27    party electronically, if possible. All parties registered for electronic service are sent

28    a notification of ECF filing each time a document is e-filed with a link to the

document for one free view. Accordingly, parties registered for electronic service
are considered served once an *ex parte* application has been e-filed. Parties
enrolled for service by facsimile or mail must be served the *ex parte* application by
facsimile or personal service.

Following service of the *ex parte* application by electronic, facsimile, or
personal service, the moving party shall notify the opposing party that any
opposition must be filed no later than twenty-four (24) hours following service.
Counsel will be notified by the clerk of the court's ruling. If counsel does not
intend to oppose an *ex parte* application, counsel must inform the Courtroom
Deputy Clerk at (213) 894-5686.

**G.    Injunctions and Restraining Orders**

Parties seeking preliminary or emergency injunctive relief must comply with
Fed. R. Civ. P. 65 and Local Rule 65. Applications for a Temporary Restraining
Order ("TRO") are governed by Local Rule 7-19, which applies to *ex parte*
applications. Thus, oppositions to an Application for a TRO must be filed within
twenty-four (24) hours following service of the Application. The court will not rule
on any Application for a TRO for at least twenty-four (24) hours after the party
subject to the requested order has been served, unless notice is excused as per Fed.
R. Civ. P. 65(b), or the interests of justice so require.

**H.    Continuances**

The court has a strong interest in keeping scheduled dates certain. Changes
in dates are disfavored. Trial dates set by the court are firm and will not readily be
changed. Therefore, a request to continue or extend the date of any matter before
this court <u>must</u> be supported by a sufficient factual basis that demonstrates good
cause why the change in the date is essential. Without such compelling factual
support and a showing of due diligence, requests continuing dates will not be
approved. Counsel requesting a continuance or extension of time must file
electronically a request or, if the parties are in agreement, a stipulation which

1  includes a <u>detailed</u> declaration of the grounds for the requested continuance or

2  extension of time. A proposed order in Word format must be emailed directly to

3  the court's chambers email address at fla_chambers@cacd.uscourts.gov on the day

4  the document is e-filed. The proposed order must include the entire relief the

5  parties seek.

6      Failure to comply with the Local Rules and this Order will result in rejection

7  of the request without further notice to the parties. Requests extending scheduling

8  dates do not become effective unless and until this court so orders. <u>Counsel shall</u>

9  <u>avoid submitting requests for continuance or extension of time less than five (5)</u>

10 <u>business days prior to the expiration of the scheduled date.</u> A request to continue or

11 extend dates or deadlines that have already expired constitutes a presumptive lack

12 of due diligence.

13     **I.    Communications with Chambers**

14     Counsel <u>must not</u> attempt to contact the court or chambers staff by email,

15 telephone, or *ex parte* means. For appropriate matters only, counsel may contact

16 the Courtroom Deputy Clerk via chambers email address at

17 twyla_freeman@cacd.uscourts.gov, or by telephone at (213) 894-5686. Counsel

18 must not contact the Courtroom Deputy Clerk regarding the status of any matter

19 before the court. Counsel must include on all papers his or her email address,

20 telephone number, and facsimile number to facilitate communication with the

21 Courtroom Deputy Clerk.

22     **J.    Order Setting Scheduling Conference**

23     Pursuant to Fed. R. Civ. P. 16(b), the court will issue an order setting a

24 scheduling conference as required by Fed. R. Civ. P. 26 and the Local Rules of this

25 court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

26     **K.    Settlement Conference / Alternative Dispute Resolution ("ADR")**

27     As stated in Local Rule 16-15, the parties in every action must participate in

28 a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure.

1   The court will not hold a final pretrial conference or convene a trial unless and until

2   all parties, including the principals of all corporate parties, have completed ADR.

3       This court participates in the court'directed ADR Program whereby the court

4   refers the parties to the Magistrate Judge, the court Mediation Panel, or private

5   mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed

6   ADR Program (ADR-08) has been filed in this action, counsel must furnish and

7   discuss it with their clients in preparation for the Fed. R. Civ. P. 26(f) conference.

8   Counsel should state their preferred ADR procedure in their Joint Rule 26(f)

9   Report. The court will refer the action to a procedure at the initial scheduling

10  conference or in a Scheduling and Trial Order. More information about the court's

11  ADR Program, the Mediation Panel, and mediator profiles is available on the

12  court's website at https://www.cacd.uscourts.gov/attorneys/adr.

13

14      IT IS SO ORDERED.

15

16  Dated:  October 27, 2025

17                                             FERNANDO L. AENLLE-ROCHA
                                               United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TRONDERRICA JAMES; and TRAVIS JAMES,
*Plaintiffs,*

v.

SILVIA SHASHA ZHANG; and GUOJUN XUAN,
*Defendants.*

Case No.: 2:25-cv-09450-FLA-KS
Judge: Hon. Fernando L. Aenlle-Rocha
Magistrate Judge: Hon. Karen L. Stevenson

**EXHIBIT K**

**Original Complaint filed in Case No. 2:25-cv-09450-FLA-KS**

**Submitted in Support of:**
Plaintiffs' Motion for Alternate Service

/s/ Tronderrica James
/s/ Travis James
*Plaintiffs, Pro Se*

7225 Moonraker Ave #109
Las Vegas, NV 89178

FILED

2025 OCT -3 PM 1:45

CLERK U S DISTRI·
CENTRAL DIST OF ·
LOS ANGELES
BY: _____

1 UNITED STATES DISTRICT COURT
2 CENTRAL DISTRICT OF CALIFORNIA
3 LOS ANGELES DIVISION
4
5 Tronderrica James, an individual,
6 Travis James, an individual,
7 Plaintiffs,
8
9 v.
10
11 Silvia Shasha Zhang, an individual;
12 Guojun (a.k.a. Guojon) Xuan, an individual;
13 Silvia Shasha Zhang, an individual doing business as "Mark Surrogacy";
14 Guojun (a.k.a. Guojon) Xuan, an individual doing business as "Future Spring Surrogacy";
15 and DOES 1–50 inclusive,
16 Defendants.
17
18 Case No: _____    **2:25-CV-09450-FLA-KS**
19
20 COMPLAINT FOR:
21 1. Fraud / Intentional Misrepresentation
22 2. Negligent Misrepresentation
23 3. Breach of Contract
24 4. Breach of the Implied Covenant of Good Faith & Fair Dealing
25 5. Fraudulent Concealment
26 6. Civil Conspiracy
27
28 DEMAND FOR JURY TRIAL
29
30 I. JURISDICTION AND VENUE
31 This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are citizens of Nevada, Defend
32 Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events occurred in Los /
33
34 II. PARTIES
35 Plaintiffs Tronderrica James and Travis James are individuals residing in Clark County, Nevada.
36
37 Defendant Silvia Shasha Zhang is an individual residing in Los Angeles County, California.
38
39 Defendant Guojun (a.k.a. Guojon) Xuan is an individual residing in Los Angeles County, California.
40
41 Defendant Silvia Shasha Zhang is also sued as an individual doing business as "Mark Surrogacy," operating out of
42
43 Defendant Guojun (a.k.a. Guojon) Xuan is also sued as an individual doing business as "Future Spring Surrogacy,"
44
45 Plaintiffs are ignorant of the true names and capacities of DOES 1–50 inclusive and therefore sue under fictitious na
46
47 III. FACTUAL ALLEGATIONS
48 Defendants misrepresented material facts regarding surrogacy services.
49 Plaintiffs relied on false statements and suffered damages including financial losses and emotional distress.
50 Public reports corroborate allegations of systemic fraud involving Defendants.
51
52 IV. CAUSES OF ACTION
53 1. Fraud / Intentional Misrepresentation

54 2. Negligent Misrepresentation
55 3. Breach of Contract
56 4. Breach of Implied Covenant of Good Faith & Fair Dealing
57 5. Fraudulent Concealment
58 6. Civil Conspiracy
59
60 V. PRAYER FOR RELIEF
61 Plaintiffs demand:
62 a. Compensatory damages according to proof;
63 b. Punitive and exemplary damages not less than $50,000,000 and up to $100,000,000;
64 c. Restitution and rescission of contracts;
65 d. Pre- and post-judgment interest;
66 e. Costs of suit;
67 f. Attorneys' fees where authorized;
68 g. Leave to amend this Complaint to add additional defendants, including Western Fertility Institute and attorney Lei
69 h. Such further relief as the Court deems proper.
70
71 VI. DEMAND FOR JURY TRIAL
72 Plaintiffs demand a jury trial on all issues so triable.
73
74 Respectfully submitted,
75
76 _____
77 Tronderrica James, Plaintiff Pro Se
78
79 _____
80 Travis James, Plaintiff Pro Se

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and TRAVIS JAMES,
*Plaintiffs,*

*v.*

SILVIA SHASHA ZHANG; and GUOJUN XUAN,
*Defendants.*

Case No.: 2:25-cv-09450-FLA-KS
Judge: Hon. Fernando L. Aenlle-Rocha
Magistrate Judge: Hon. Karen L. Stevenson

### EXHIBIT L

### Summons for Defendant Silvia Shasha Zhang

**Submitted in Support of:**
Plaintiffs' Motion for Alternate Service

/s/ Tronderrica James
/s/ Travis James
*Plaintiffs, Pro Se*

AO 440 (Rev. 06/12) Summons in a Civil Action

UNITED STATES DISTRICT COURT
for the Central District of California

Tronderrica James and Travis James, Plaintiffs
v.
Silvia Shasha Zhang, an individual, and
Silvia Shasha Zhang, an individual doing business as "Mark Surrogacy",
Defendant

Case No. _____2:25-CV-09450-FLA-KS_____

SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)
Silvia Shasha Zhang, individually and doing business as "Mark Surrogacy"
612 W Camino Real Ave, Arcadia, CA 91007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)
—or 60 days if you are the United States or a United States agency—you must serve on the plaintiff
an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

PLAINTIFFS' CONTACT INFORMATION:
Tronderrica James, Pro Se
Travis James, Pro Se
Clark County, Nevada

Date: _____OCT - 3 2025_____          CLERK OF COURT


_____     _____
Signature of Clerk or Deputy Clerk          (Seal)

                    RENICO SMITH

                                                        1174

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; and TRAVIS JAMES,
*Plaintiffs,*

*v.*

SILVIA SHASHA ZHANG; and GUOJUN XUAN,
*Defendants.*

Case No.: 2:25-cv-09450-FLA-KS
Judge: Hon. Fernando L. Aenlle-Rocha
Magistrate Judge: Hon. Karen L. Stevenson

### EXHIBIT M

#### Summons for Defendant Guojun Xuan

**Submitted in Support of:**
Plaintiffs' Motion for Alternate Service

/s/ Tronderrica James
/s/ Travis James
*Plaintiffs, Pro Se*

AO 440 (Rev. 06/12) Summons in a Civil Action

UNITED STATES DISTRICT COURT
for the Central District of California

Tronderrica James and Travis James, Plaintiffs
v.
Guojun (a.k.a. Guojon) Xuan, an individual, and
Guojun (a.k.a. Guojon) Xuan, an individual doing business as "Future Spring Surrogacy",
Defendant

Case No. _____ **2:25-CV-09450-FLA-KS**

SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)
Guojun (a.k.a. Guojon) Xuan, individually and doing business as "Future Spring Surrogacy"
Primary: 1203 S First Ave, Arcadia, CA 91006
Alternate: 612 W Camino Real Ave, Arcadia, CA 91007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)
—or 60 days if you are the United States or a United States agency—you must serve on the plaintiff
an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

PLAINTIFFS' CONTACT INFORMATION:
Tronderrica James, Pro Se
Travis James, Pro Se
Clark County, Nevada

Date: _____ OCT - 3 2025 _____          CLERK OF COURT

_____          _____
Signature of Clerk or Deputy Clerk        (Seal)
          RENICO SMITH

1174