EXHIBIT E

Gmail

Tron James <tronjamesbooks@gmail.com>

# James, et al. v. Zhang, et al. - Surrogacy Case - Meet and Confer for Motion for Judgment on the Pleadings [Rule 12(c)]

**Long Liu Office** <office@theliulawfirm.com> Fri, Jan 30, 2026 at 3:48 PM
To: Tron James <tronjamesbooks@gmail.com>
Cc: Hanson Hsu <hanson@theliulawfirm.com>

"Defendants" is not vague. It refers to all the defendants you included in your complaint. We represent all the named defendants.

Your position is noted. We will file a motion.

LIU LAW

TRIAL & LITIGATION ATTORNEYS

**Cordially,**

**Long Z. Liu, Esq.**

Liu Law
1163 Fairway Drive, Suite 105
City of Industry, CA 91789
909.468.2170
www.theliulawfirm.com

**CONFIDENTIAL EMAIL**: The information contained in this email is confidential and may also be attorney-client privileged and constitute attorney work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately.

EXHIBIT E

Gmail

Tron James <tronjamesbooks@gmail.com>

# James, et al. v. Zhang, et al. - Surrogacy Case - Meet and Confer for Motion for Judgment on the Pleadings [Rule 12(c)]

**Tron James** <tronjamesbooks@gmail.com> Tue, Jan 27, 2026 at 4:05 PM
To: Long Liu Office <office@theliulawfirm.com>
Cc: Hanson Hsu <hanson@theliulawfirm.com>

Counsel,

Your continued correspondence purporting to meet and confer regarding potential Rule 12(b)(6) and Rule 12(c) motions is premature and improper absent a clear identification of which defendant or defendants you represent.

To date, you have not specified whether you represent Silvia Shasha Zhang, Guojun Xuan, any of the named LLC entities, or some combination thereof. Vague references to "defendants" are insufficient. This is not a technicality. It is a threshold issue that directly affects whether your communications are authorized, whether meet-and-confer obligations apply, and whether your demands are even directed to the proper party.

Accordingly, I will not engage in further meet-and-confer discussions, nor respond substantively to your Rule 12 arguments, until you provide written confirmation identifying each specific defendant you represent.

For the record, I categorically reject your characterization of the complaint as "fatally defective" or incapable of amendment. I likewise reject your assertion that voluntary dismissal is warranted. Your disagreement with the pleadings is noted, and you are free to test your theories by motion. However, repeated demands for dismissal, coupled with conclusory statements about incurable defects, do not substitute for proper motion practice.

Nothing in this response constitutes consent to dismissal, agreement with your legal conclusions, or waiver of any claims, facts, or arguments. All rights are expressly reserved.

If you wish to proceed in a professional and procedurally proper manner, provide immediate clarification of your representation. Until then, further correspondence on Rule 12 issues is unnecessary.

Tronderrica James
Plaintiff, Pro Se

[Quoted text hidden]