UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES, *et al.*,

Plaintiffs,

v.

SILVIA SHASHA ZHANG, *et al.*,

Defendants.

Case No. 2:25-cv-09450-FLA (KSx)

**ORDER: (1) STRIKING COMPLAINT [DKT. 1]; (2) STRIKING MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE [DKT. 9] AS DUPLICATIVE; AND (3) DENYING WITHOUT PREJUDICE MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE [DKT. 10]**

On October 3, 2025, Plaintiffs Tronderrica and Travis James ("Plaintiffs") filed the Complaint in this action, asserting claims against Defendants Silvia Shasha Zhang and Guojun Xuan ("Defendants"). Dkt. 1. The Complaint, as filed, is incomplete and incomprehensible because multiple lines appear to be cut-off mid-sentence. *See id.*

Accordingly, the court STRIKES the Complaint as deficient. *See* Fed. R. Civ. P. 12(f). Having found the Complaint is deficient on its face, Plaintiffs' Motion for Order Authorizing Alternate Service (Dkt. 10) is DENIED without prejudice as moot. Plaintiffs' Motion for Order Authorizing Alternate Service (Dkt. 9) is STRICKEN as duplicative of Dkt. 10.

/ / /

Plaintiffs may file a First Amended Complaint ("FAC") within thirty (30) days of the date of this Order. The FAC must plead sufficient facts to establish the amount in controversy exceeds the jurisdictional minimum of $75,000.[1] Conclusory statements shall be insufficient to demonstrate the amount in controversy is satisfied.[2] Failure to file a FAC timely may result in the dismissal of the action without prejudice, and without further notice from the court. Plaintiffs must attempt to serve Defendants with the FAC, pursuant to Fed. R. Civ. P. 4(e), prior to bringing a renewed Motion for Order Authorizing Alternate Service.

IT IS SO ORDERED.

Dated: February 3, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[1] Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

[2] A conclusory statement that Plaintiffs have suffered more than $75,000 in damages or seek punitive and exemplary damages is insufficient to establish that this court has subject matter jurisdiction over the action. *See Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (finding claimed damages of "$200,000 in pain, suffering and inconvenience, … in addition to $1,000,000 in punitive damages" insufficient to establish subject matter jurisdiction because the alleged damages were unsupported by specific facts or evidence).