Long Z. Liu (SBN: 236815)
Hanson Hsu (SBN: 333855)
THE LIU LAW FIRM
1163 Fairway Drive, Suite 105
City of Industry, CA 91789
P: 909-468-2165
E: Office@theliulawfirm.com

Attorney for Defendants, Silvia Shasha Zhang, and Guojun Xuan

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| Tronderrica James, an individual; Travis James, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Silvia Shasha Zhang, an individual; Guojun (a.k.a. Guojon) Xuan, an individual; Silvia Shasha Zhang, an individual, DBA "Mark Surrogacy"; Guojun (a.k.a. Guojon) Xuan, an individual, DBA "Future Spring Surrogacy"; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 2:25-CV-09450-FLA-KSx<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c)**<br><br>**Hearing Date: March 13, 2026**<br>**Time: 1:30 p.m.**<br><br>**Courtroom: 6B**<br>**Judge: Hon. Fernando L. Aenlle-Rocha** |

TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2026, at 1:30 p.m. in Courtroom 6B of the above-entitled Court located First Street United States Courthouse located at

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 1 -**

350 West First Street, Los Angeles, CA 90012. Counsel for Defendants Silvia Shasha Zhang and Guojun Xuan ("Defendants") will appear specially only for the purposes of bringing this Motion and move this Court for an Order dismissing the complaint for failure to effectuate service and for failure to state any claim upon which relief may be granted.

This Motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, the complete files and records of this action, and such other evidence as may be presented at the hearing on this Motion.

THE LIU LAW FIRM

Date: February 12, 2026

_____
Long Z. Liu, Attorney for Defendants

## **TABLE OF CONTENTS**

Memorandum of Points & Authorities..................................................................5

    I.    Statement of Facts...................................................................5

    II.    Legal Argument......................................................................8

            Rule 12(b)(5)...........................................................................8

            *Cabo Virgenes Shipping, Inc. v. Cosgold Lake Mar., Ltd.*, 2025 U.S. Dist. LEXIS 111189...................................................................................8

            *Falco v. Nissan N. Am., Inc.*, 987 F. Supp. 2d 1071....................................8

            *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110........................................................................................8

        A.  Rule 12(b)(5) allows defendants to move to dismiss the motion for lack of service......................................................................8

        B.  Standards for dismissal under rule 12(b)(6) and rule 12(c)........................9

            Rule 12(b)(6)...........................................................................9

            Rule 12(c)................................................................................9

            *Martinez v. City of Clovis*, 90 Cal. App. 5th 193, 29.05.............................9

            *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*................................9

        C.  Complaint fails to state a cause of action against defendants as it fails to state with particularity the circumstances constituting fraud and misrepresentation.................................................................11

            Rule 9(b)................................................................................11

            *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003............11

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 3 -**

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).................................................................................................11

*Service by Medallion, Inc. v. Clorox Co.* 44 Cal.App.4th 1807, 1816 (1996).......12

D. Complaint fails to state a cause of action against defendants as it fails to state with particularity the circumstances giving rise to breach of contract and breach of implied duty of good faith and fair dealing...................................................14

*Naranjo v. Doctors Medical Center of Modesto, Inc.*, 111 Cal. App. 5th 408........14

*Graphic Arts Internat. Union v. Oakland Nat. Engraving Co.*, 185 Cal. App. 3d 775..........................................................................................................14

*Avidity Partners, LLC v. State of California*, 221 Cal. App. 4th 1180................14

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 112 Cal. App. 5th 519..........................................................................................................14

E. Complaint fails to state a cause of action against defendants as it fails to meet the heightened pleading requirements to show the existence of a civil conspiracy or any independent underlying actionable claim...............................................16

*Contreras v. Dowling*, 5 Cal. App. 5th 394..............................................16

*State ex rel. Edelweiss Fund, LLC v. JPMorgan Chase & Co.*, 90 Cal. App. 5th 1119........................................................................................................16

*Choate v. County of Orange*, 86 Cal. App. 4th 312.....................................16

*IIG Wireless, Inc. v. Yi*, 22 Cal. App. 5th 630............................................16

*Favila v. Katten Muchin Rosenman LLP*, 188 Cal. App. 4th 189....................16

*Kenne v. Stennis*, 230 Cal. App. 4th 953..................................................16

III. Conclusion.....................................................................................17

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

On October 3, 2025 Plaintiffs filed a Complaint against Defendants. However, service has still not been completed even though Plaintiffs have already petitioned to the Court that they be allowed to serve Defendants through alternative means of service and had such petition granted on December 4, 2026. As such, the Complaint should be dismissed for lack of service. Due to the length of time that has passed after the petition was granted, it does not appear that Plaintiffs intend to take steps to satisfy the service requirements.

The Complaint itself is also fatally defective on its face and in its substance, as it hardly contains any facts at all that would enable the Court to make any kind of reasonable determination regarding any of the causes of action, or allow Defendants to fairly respond to any cause of action. **The factual allegations in totality and verbatim are as follows: "Defendants misrepresented facts regarding surrogacy services. Plaintiffs relied on false statements and suffered damages including financial losses and emotional distress. Public reports corroborate allegations of systemic fraud involving Defendants." That is all. No supporting documents are attached to the Complaint.**

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 5 -

Relying on these scant "facts," which are actually just bare legal conclusions masquerading as facts, are six (6) causes of action for: 1) Fraud/Intentional Misrepresentation; 2) Negligent Misrepresentation; 3) Breach of Contract; 4) Breach of Implied Covenant of Good Faith and Fair Dealing; 5) Fraudulent Concealment; and 6) Civil Conspiracy.

There are no facts pled with any degree of specificity that support any element of these causes of action, particularly those involving fraud and misrepresentation, which due to their potential to result in devastating reputational harm, have heightened pleading requirements and are required to be pled with specificity. **The "who, what, when, where, and why" cannot be reasonably ascertained by anyone reading this unintelligible Complaint which consists of threadbare and totally unsupported legal conclusions.** The "factual allegations" appear to only be formulated in this matter in order to shallowly touch upon certain legal elements but themselves do not support those elements, though even the legal elements themselves are also not stated.

No facts are stated as to who was a party to the contract, what exactly the services were, who received surrogacy services, who the surrogate is, who the intended parents are, who was harmed and how, what acts constitute fraud or misrepresentation, how the alleged public reports corroborate the allegations, what the public reports are, who was involved in alleged conspiracy, what acts constitute conspiracy, or even when the contract was entered into and when any misrepresentations were made or

discovered. The exact subject matter cannot be ascertained, and issues of standing and statute of limitations are also impossible to ascertain from this "all skin and bones" Complaint, which lacks all meat and substance. As such, it is impossible for the Defendants and the Court to know with sufficient detail what claims are actually being brought, by whom, against whom, for what incident, when the incidents occurred, and for what reasons. Even the statute of limitations cannot be readily ascertained based on the Complaint. Then "who, what, when, where, and how" cannot be determined as to any cause of action whatsoever.

Counsel for Defendants attempted to meet and confer via e-mail regarding the defective Complaint. Plaintiff stated that Defendants are free to test their theory with motions and refused to act upon such raised defects. This Motion was filed following such communication, as it is apparent that any further meet and confer efforts would not be fruitful. Plaintiff clearly does not believe this Complaint should be dismissed and has shown no indication that it will be amended.

## II.

## **LEGAL ARGUMENT**

**A. RULE 12(b)(5) ALLOWS DEFENDANTS TO MOVE TO DISMISS THE MOTION FOR LACK OF SERVICE**

Federal Rule of Civil Procedure 12(b)(5) allows a Defendant to move for dismissal of a complaint on the basis of insufficient service of process. Proper service

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 7 -**

of process is a procedural requirement that must be satisfied before a federal court can exercise personal jurisdiction over a Defendant. Without proper service, the court lacks the authority to render a judgment against the Defendant's person or property unless the Defendant consents to jurisdiction or waives the defect in service. *Cabo Virgenes Shipping, Inc. v. Cosgold Lake Mar., Ltd.*, 2025 U.S. Dist. LEXIS 111189, *Falco v. Nissan N. Am., Inc.*, 987 F. Supp. 2d 1071, *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110. However, Rule 12(b)(5) must be raised "at the earliest opportunity" in order to preserve the right to contest jurisdiction for lack of service, which is at the time the first pleading is filed. Therefore, Defendants raise this issue now, as this is the first pleading by Defendants in this action.

The Complaint was filed on October 3, 2025. Plaintiffs failed to serve the Summons and Complaint on Defendants. Instead, Plaintiffs petitioned with the Court to allow alternative service. The petition was granted on December 4, 2025. Nonetheless, as of the date of this Motion, February 2, 2026, still no service has occurred in any way whatsoever, and no proof of service was ever filed. Therefore, Defendants contest jurisdiction on the basis of total lack of service. There is no reason this matter should languish on the Court's docket to waste judicial resources if service is not going to be effectuated by Plaintiffs and the matter will not be properly prosecuted.

///

## B. STANDARDS FOR DISMISSAL UNDER RULE 12(b)(6) AND RULE 12(c)

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted" before the filing of an answer. In contrast, Rule 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Despite this procedural distinction, the substantive standard applied to both motions is identical. Courts apply the same plausibility standard to Rule 12(c) motions as they do to Rule 12(b)(6) motions.

Both rules are evaluated under the same legal framework, which requires the court to determine whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." This standard is satisfied when Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the alleged misconduct. *Martinez v. City of Clovis*, 90 Cal. App. 5th 193, 29.05.

The U.S. Supreme Court IN *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* clarified that **while courts must accept factual allegations as true, they are not bound to accept as true "a legal conclusion couched as a factual allegation."** A complaint must include enough factual content to allow the court to draw a reasonable inference that the Defendant is liable for the alleged misconduct. Conclusory statements or mere recitations of the elements of a claim, without supporting factual

allegations, are insufficient to survive a motion under Rule 12(b)(6) or 12(c). *Martinez v. City of Clovis*, 90 Cal. App. 5th 193.

California courts, when applying federal pleading standards, similarly hold that legal conclusions are not assumed to be true. The plausibility standard requires factual content that allows the court to infer liability, and **legal conclusions alone do not meet this standard.** Additionally, California appellate courts have consistently held that they do not credit conclusions of law or fact, opinions, or speculation when reviewing motions for judgment on the pleadings. *Today's IV v. Los Angeles County Metropolitan Transportation Authority*, 83 Cal. App. 5th 1137, *York v. City of Los Angeles*, 33 Cal. App. 5th 1178, *Dondlinger v. Los Angeles County Regional Park & Open Space Dist.*, 31 Cal. App. 5th 994, *A.S. v. Palmdale School Dist.*, 94 Cal. App. 5th 1091.

As such, while Plaintiff is entitled to the Court accepting all facts pled by Plaintiff in the Complaint as true for the purpose of a motion for dismissal under these rules, this same entitlement does not apply to bare legal conclusions masquerading as facts. As such, the legal conclusions contained within the "facts" of this Complaint are not considered to be facts that would allow the Complaint to survive Rule 12(b)(6) or Rule 12(c). Clearly, absent the legal conclusions, this Complaint essentially contains no facts to support any cause of action. As such, it is fatally defective and should be dismissed as a matter of law.

## C. COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS AS IT FAILS TO STATE WITH PARTICULARITY THE CIRCUMSTANCES CONSTITUTING FRAUD AND MISREPRESENTATION

Rule 9(b) states "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires a Plaintiff averring fraud plead the "who, what, when, where, and how" of the alleged misconduct as well as what is false or misleading about the purportedly fraudulent statement, and why it is false. *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003); see also *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

Fraud-related causes of action have a heightened pleading requirement. It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement for fraud applies to state-law causes of action. "While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp*, supra, 317 F. 3d at p. 1103. Misrepresentation is fraud. Plaintiff has failed to allege the required elements with sufficient specificity and detail to meet even a standard pleading requirement, much less a heightened one.

"A Complaint for fraud must allege the following elements: (1) a knowingly false representation by the Defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the Plaintiff; and (4) resulting damages. Every element must be specifically pleaded." *Service by Medallion, Inc. v. Clorox Co.* 44 Cal.App.4th 1807, 1816 (1996).

Whatever form it takes, injury or damage from fraud must not only be distinctly alleged but its causal connection with reliance on representations must be shown.... In order to recover for fraud, as in any other tort, the Plaintiff must plead and prove the detriment proximately caused by the Defendant's tortious conduct. Deception without resulting loss is not actionable fraud. Whatever form it takes, the injury or damage must not only be distinctly alleged but its causal connection with the reliance on the representations must be shown. *Service by Medallion, Inc.* at 1818.

**Fraud has a heightened pleading requirement and must be pleaded specifically; general and conclusory allegations do not suffice. This particularity requirement necessitates pleading facts that show how, when, where, to whom, and by what means the representations were tendered.** *Charpentier v. Los Angeles Rams Football Co., Inc.* (1999) 75 Cal. App.4th 301, 312 (citing text).

Three (3) of the six (6) causes of action in this Complaint implicate fraud: 1) Fraud/Intentional Misrepresentation; 2) Negligent Misrepresentation; 5) Fraudulent Concealment. Plaintiff has not only failed to state with particularity the exact nature of

the representations, he failed to plead an intent to deceive or induce reliance, and justifiable reliance by Plaintiff, nor has he alleged any additional damages that he may have suffered as a direct and proximate result of any alleged misrepresentations made to them by the Defendant. Plaintiff has not pled what was concealed, or even the subject matter of the alleged misrepresentations. As to negligent misrepresentation, Plaintiff has failed to show the existence of duty, breach, causation, and damages, and has not shown justifiable reliance or how any statements were misrepresentations.

Due to the scant "facts" in the Complaint, Defendant cannot ascertain exactly what is being claimed, but Defendant suspects that Plaintiff is attempting to convert what might be a breach of contract case into a fraud case in an attempt to pressure Defendant into a settlement. Nonetheless, the "who, what, when, where, and how" for each of these causes of action are indecipherable from the current Complaint.

As such, the following causes of action are fatally defective should be dismissed: 1) Fraud/Intentional Misrepresentation; 2) Negligent Misrepresentation; 5) Fraudulent Concealment.

///

///

///

///

///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 13 -

# D. COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS AS IT FAILS TO STATE WITH PARTICULARITY THE CIRCUMSTANCES GIVING RISE TO BREACH OF CONTRACT AND BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

To plead a breach of contract claim, Plaintiff must allege the following elements: (1) the existence of a contract, (2) the Plaintiff's performance or excuse for nonperformance, (3) the Defendant's breach, and (4) damages resulting from the breach. *Naranjo v. Doctors Medical Center of Modesto, Inc.*, 111 Cal. App. 5th 408. The Complaint must include specific factual allegations supporting each element. However, conclusory statements without factual support, such as merely asserting that a breach occurred, are inadequate. *Graphic Arts Internat. Union v. Oakland Nat. Engraving Co.*, 185 Cal. App. 3d 775.

The duty of good faith and fair dealing is implied in every contract and prohibits one party from unfairly frustrating the other party's right to receive the benefits of the agreement. However, this duty cannot impose substantive obligations beyond the express terms of the contract. *Avidity Partners, LLC v. State of California*, 221 Cal. App. 4th 1180, *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 112 Cal. App. 5th 519. This claim is couched in contract. As such, sufficient facts pled to show the existence of a contract are required. To plead a breach of this duty, the Plaintiff must allege conduct by the Defendant that, while not necessarily breaching an express

term of the contract, unfairly deprived the Plaintiff of the benefits of the agreement. As with breach of contract claims, conclusory allegations are insufficient; the Plaintiff must provide specific factual allegations demonstrating how the Defendant's conduct violated the implied covenant. *Graphic Arts Internat. Union v. Oakland Nat. Engraving Co.*, 185 Cal. App. 3d 775.

Here, Plaintiff has only pled that there was a breach of contract, which is a legal conclusion and not a fact pled entitled to a presumption of truth. No facts are included to show the parties to the contract, the subject matter of the contract, the date that any contract was entered into, the date an alleged breach occurred, or what act constituted a breach as alleged. This threadbare and skeletal pleading is clearly insufficient for a breach of contract claim, much less for a breach of implied duty of good faith and fair dealing claim that would arise from contract. Again, the "who, what, when, where, and how" are all completely indeterminable for these causes of action on the face of the Complaint. As such, the following causes of action are fatally defective and should be dismissed: 3) Breach of Contract; 4) Breach of Implied Duty of Good Faith and Fair Dealing.

///

///

///

///

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE
12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 15 -**

# E. COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS AS IT FAILS TO MEET THE HEIGHTENED PLEADING REQUIREMENTS TO SHOW THE EXISTENCE OF A CIVIL CONSPIRACY OR ANY INDEPENDENT UNDERLYING ACTIONABLE CLAIM

Civil conspiracy is not an independent cause of action but a theory of liability that holds all participants in a wrongful act jointly liable for damages resulting from the act. To plead a claim for civil conspiracy, the Plaintiff must allege: 1) The formation and operation of the conspiracy; 2) Wrongful conduct committed in furtherance of the conspiracy; and 3) Damages arising from the wrongful conduct. *Contreras v. Dowling*, 5 Cal. App. 5th 394, *State ex rel. Edelweiss Fund, LLC v. JPMorgan Chase & Co.*, 90 Cal. App. 5th 1119. The Plaintiff must demonstrate that the Defendants acted in concert, reached a mutual understanding to accomplish a common and unlawful plan, and that at least one overt act was committed to further the conspiracy. Mere knowledge of the wrongful act is insufficient; there must also be intent to aid in its commission. *Choate v. County of Orange*, 86 Cal. App. 4th 312, *IIG Wireless, Inc. v. Yi*, 22 Cal. App. 5th 630.

A civil conspiracy claim cannot stand alone; it must be predicated on the commission of an underlying tort. Without an actionable tort, the conspiracy claim fails as a matter of law. The conspiracy itself does not create any liability unless it is

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 16 -

activated by the commission of a tortious act. *Favila v. Katten Muchin Rosenman LLP*, 188 Cal. App. 4th 189, *Kenne v. Stennis*, 230 Cal. App. 4th 953.

**Because civil conspiracy is easy to allege, courts impose a heightened burden of proof.** Plaintiffs must provide substantial evidence of the conspiracy, including evidence of participation or interest in the wrongful act. Suspicion or mere association among alleged conspirators is insufficient. *Contreras v. Dowling*, 5 Cal. App. 5th 394, *Choate v. County of Orange*, 86 Cal. App. 4th 312.

Here, Plaintiff's threadbare and skeletal Complaint that comprises of only accusatory legal conclusions that are not subject to the presumption of truth under Rule 12. It clearly does not meet the heightened pleading requirements of civil conspiracy, nor does it establish an underlying actionable tort or other wrongdoing upon which conspiracy is predicated. Again, the "who, what, when, where, and how" all cannot be determined at all by the scant "facts" present in the Complaint. As such, the following cause of action is fatally defective should be dismissed: 6) Civil Conspiracy.

## III.

## CONCLUSION

Defendant requests that the Court dismiss the Complaint for failure to effectuate service, as lack of service would mean a lack of personal jurisdiction over Defendants. As of the date of the filing of this Motion, February 2, 2026, Plaintiff has not effectuated service, be it personal, substitute, electronic, via mailing, or in any way

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE
12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 17 -

whatsoever despite the Court granting his petition for alternative service and that the Complaint was filed in October 2025. No proof of service has ever been filed. There is no reason for this matter to languish on the Court's docket and waste judicial resources if service will not be effectuated.

If the Court is inclined to grant Plaintiff more time to effectuate service, Defendants respectfully request that a period of time such as thirty (30) or sixty (60) days be prescribed and enforced by the Court to complete service and to file all necessary proof of service, to ensure compliance with formal service requirements.

Even without the service issue, the Court should dismiss the Complaint in its entirety, and all causes of action, for failure to state and properly plead sufficient facts to support even a single cause of action. As the Complaint currently stands, it is impossible even for a seasoned legal professional to understand the "who, what, when, where, and how" of any of the causes of action. Any heightened standard of pleading is not met when even normal pleading standards are not met. The Complaint is so severely deficient that amendment will be futile and will not cure the numerous defects for each cause of action. Plaintiff has the burden to show that amendment can cure the defects.

However, if the Court is not inclined to dismiss the Complaint and all causes of action, the Court should require that Plaintiff amend the Complaint within thirty (30)

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 18 -**

days to incorporate sufficient facts for the Court and the Defendant to fairly understand the claims being brought, as to the surviving causes of action, if any.

Furthermore, to the extent that Defendants prevail on this Motion, Defendants expressly reserve the right to file a Motion for Attorney Fees and/or Costs at a later date in connection with having to file this Motion.

THE LIU LAW FIRM

Date: February 12, 2026

_____
Long Z. Liu, Attorney for Defendants

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c) - 19 -**