Long Z. Liu (SBN: 236815)
Hanson Hsu (SBN: 333855)
THE LIU LAW FIRM
1163 Fairway Drive, Suite 105
City of Industry, CA 91789
P: 909-468-2165
E: Office@theliulawfirm.com

Attorney for Defendants, Silvia Shasha Zhang, and Guojun Xuan

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| Tronderrica James, an individual; Travis James, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Silvia Shasha Zhang, an individual; Guojun (a.k.a. Guojon) Xuan, an individual; Silvia Shasha Zhang, an individual, DBA "Mark Surrogacy"; Guojun (a.k.a. Guojon) Xuan, an individual, DBA "Future Spring Surrogacy"; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 2:25-CV-09450-FLA-KSx<br><br>**DECLARATION OF LONG Z. LIU IN SUPPORT OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5), RULE 12(b)(6), AND RULE 12(c)** |

///

///

///

I, Long Z. Liu, hereby declare as follows:

1. I am the attorney for Defendants Silvia Shasha Zhang and Guojun Xuan ("Defendants") in this action as well as the principal of The Liu Law Firm. I have personal knowledge of the facts set forth in this Declaration and, if called upon to testify, I would and could give competent testimony of these facts.

2. This is a matter arises out of a Complaint filed by Plaintiffs alleging various causes of action including fraud, negligent misrepresentation, breach of implied covenant of good faith and fair dealing, breach of contract, fraudulent concealment, and civil conspiracy.

4. In or around late January 2026, my office discovered that a Complaint against Defendants existed, which was filed October 3, 2025. Upon further examination of the Court Docket, it was also discovered that Plaintiffs filed a petition with the Court to allow alternative service, which the Court granted on December 4, 2026.

5. I initiated meet and confer efforts with Plaintiff James Tronderrica as required by Rule 12 on January 26, 2026. I brought up the conclusory nature of the factual allegations in the Complaint and why the pleading requirement for each cause of action has not been met. This was met with an e-mail in response stating simply "Plaintiff does not agree that dismissal is warranted and declines to voluntarily dismiss; Plaintiff will respond to any motion filed."

///

6. I sent another meet and confer e-mail to Mr. Tronderrica on January 27, 2026 on the same points. This was met with an e-mail in response with tones of hostility toward my meet and confer efforts despite the law being cited in my e-mail regarding meet and confer requirements. "Your disagreement with the pleadings is noted, and you are free to test your theories by motion. However, repeated demands for dismissal, coupled with conclusory statements about incurable defects, do not substitute for proper motion practice" was the response.

7. Evidently, meet and confer efforts failed and twice Plaintiffs conveyed that it is preferred that Defendents "test your theories by motion." Plaintiff also did not indicate they would make any effort to correct the defects.

8. The Complaint appears to be completely non-substantive. The "who, what, when, where, and how" for each cause of action is quite impossible for even a seasoned litigation attorney to determine as to each cause of action.

9. Instead, the factual allegations within the Complaint are a mere three (3) sentences, which are really just recitations of various legal conclusions. No supporting documents were included with the Complaint. Even the statute of limitations and which defendant is implicated in each cause of action cannot be discerned by reading this inscrutable Complaint.

///

10. I have not been authorized by my clients to accept service of the Complaint. This declaration is made as to meet and confer efforts and procedural issues only. However, that hardly matters because Plaintiff has taken no steps at all to serve the Complaint despite having been granted permission to use alternative service. There is no Proof of Service for the Complaint filed, either.

11. Rule 12 motions to dismiss require that the motion be brought at the "earliest opportunity," which is at the time a pleading is first filed, otherwise there is risk for waiver for jurisdictional challenges from lack of service.

12. As of the date of this declaration, seventy (70) days have passed since the Court granted Plaintiffs permission to serve through alternative means. However, no efforts have been made by Plaintiffs to effectuate service.

13. Without proper service, this Court has no personal jurisdiction over my clients. If Plaintiffs intend to "sit" on this case and do not intend to prosecute it or even to correct obvious deficiencies in their Complaint, it will result in unnecessary clutter on the Court's calendar, needlessly prolong the matter, squander judicial resources, and cause Defendants to incur attorney fees unnecessarily.

14. As such the Court should dismiss the Complaint for failure to effectuate service. Alternatively, the Court should prescribe a length of time such as thirty (30) or sixty (60) days by which Defendants must be served.

15. Additionally, Plaintiffs have shown no indication of being willing to cure the defects in the Complaint, and the Complaint is so barren and devoid of factual allegations that it does not give my clients a fair chance to respond, as it is totally ambiguous as to what the claims are, that the Complaint should be dismissed for failure to state a claim on which relief can be granted.

16. The Court should not grant leave to amend the Complaint because not only have Plaintiffs elected not to do anything to cure the defects, the defects themselves are so numerous and so severe that amendment will not be able to cure them. Plaintiffs have the burden of showing that amendment will cure the defects. At the same time, Plaintiffs cannot allege completely new facts in an amended Complaint. Because the Complaint is so skeletal and threadbare as to any facts, any addition of facts would be completely new facts that are not appropriate to include for the purposes of amending a Complaint.

17. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Dated: February 12, 2026

THE LIU LAW FIRM

Long Z. Liu, Attorney for Plaintiffs