Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

# UNITED STAES DISTRICT OF COURT

# CENTRAL DISCRTICT OF CALIFORNIA

TRONDERRICA JAMES and TRAVIS JAMES,

Plaintiffs,

v.

SILVIA SHASHA ZHANG;

GUOJUN XUAN;

MARK SURROGACY INVESTMENT LLC;

FUTURE SPRING SURROGACY LLC;

Defendants.

Case No. 2:25-cv-09450-FLA-KS

**FIRST AMENDED COMPLAINT**

**I. INTRODUCTION**

1. This action arises from Defendants' intentional misrepresentations and concealment of their dual role as both "Intended Parents" and operators of a surrogacy agency, which materially induced Plaintiffs to enter into a Gestational Surrogacy Agreement.

FILED
CLERK, U.S. DISTRICT COURT

FEB 19 2026

CENTRAL DISTRICT OF CALIFORNIA
BY

1

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

2. Defendants held themselves out as independent Intended Parents while failing to disclose that they owned, operated, or controlled the very agency facilitating the arrangement.

3. Plaintiffs seek compensatory damages according to proof and punitive damages in an amount not less than $50,000,000 and up to $100,000,000.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs are citizens of Nevada. Defendants are citizens of California.

5. The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs have incurred documented economic damages exceeding $10,000, including:

   A. Travel expenses for embryo transfer and medical procedures;
   B. Travel and lodging expenses for multiple trips to California to file and litigate this action;
   C. Filing fees and service costs, including multiple unsuccessful service attempts, ongoing service attempts;
   D. Contract-related attorney review fees;
   E. Therapy expenses;
   F. Loss of business income.

6. Plaintiffs further seek substantial damages for severe and ongoing emotional distress, psychological trauma, humiliation, reputational harm, and punitive damages based on intentional fraud and concealment.

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

7. Venue is proper under 28 U.S.C. § 1391 because Defendants reside in this District and substantial events occurred here.

8. On February 3, 2026, this Court struck the original Complaint and granted leave to file this First Amended Complaint within thirty (30) days.

**III. PARTIES**

9. Plaintiff Tronderrica James is a resident of Clark County, Nevada.

10. Plaintiff Travis James is a resident of Clark County, Nevada.

11. Defendant Silvia Shasha Zhang is a resident of Los Angeles County, California.

12. Defendant Guojun Xuan is a resident of Los Angeles County, California.

13. Defendant Mark Surrogacy Investment LLC was formed May 11, 2021. Its principal address was listed as 612 W. Camino Real Ave., Arcadia, California 91007.

14. California Secretary of State filings identified Silvia Shasha Zhang as a manager/member of Mark Surrogacy Investment LLC.

15. Defendant Future Spring Surrogacy LLC was formed July 11, 2024, listing 10507 Valley Blvd., Suite 518, El Monte, California 91731.

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

16. Process servers confirmed no visible Suite 518 existed and that the location appeared vacant and under construction.

17. At all relevant times, Defendants held themselves out as Intended Parents separate from any agency.

**IV. FACTUAL ALLEGATIONS**

**A. Initial Representations**

18. On October 18, 2023, Silvia Zhang contacted Plaintiff via Facebook Messenger using the name "Lin Hui," stating she could not medically carry a child and was seeking an independent surrogate.

19. On October 19, 2023, Jasmine Hernandez, representing Mark Surrogacy, contacted Plaintiff describing a "Chinese couple longing for their miracle baby."

20. On October 23, 2023, Silvia stated that Mark Surrogacy was "my agent."

21. At no time during negotiations did Defendants disclose that they owned or controlled Mark Surrogacy.

22. Plaintiffs reasonably believed they were contracting with Intended Parents who were separate from an independent agency.

**B. Execution of Contract**

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

23. Defendants signed the Gestational Surrogacy Agreement on March 25, 2024.

24. Plaintiffs signed on March 27, 2024.

25. The Contract expressly defined "Agency" as Mark Surrogacy and explicitly stated that the Agency was not a party to the Contract.

26. The Contract did not disclose that Silvia Zhang or Guojun Xuan owned or operated Mark Surrogacy.

27. On April 10, 2024, the parties executed an amendment directing escrow to Law Offices of Lei, APC, Defendants' attorney.

28. Plaintiffs agreed to the escrow amendment believing it was for convenience and not indicative of concealed control.

29. Plaintiffs relied on the representation that Defendants were solely Intended Parents.

30. Plaintiffs would not have entered the Contract had they known Defendants operated the agency through which the arrangement was structured.

**C. Embryo Transfer and Pregnancy**

31. Embryo transfer occurred June 7, 2024.

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

1

2    32. Throughout pregnancy, neither Silvia Zhang nor Guojun Xuan attended any
3         medical appointments, whether in person or virtually.

4    33. Neither Defendant was present during labor or delivery, despite having at
5         least seventy-two hours' notice before birth.

6

7    34. The Contract contemplated that at least one Intended Parent would be
8         present for delivery.

9

10   35. Defendants chose not to attend.

11

12

13   **D. Medical Emergency and Denial of Contractual Access**

14

15

16   36. On February 20, 2025, Plaintiff went into labor and was admitted to
17        Southern Hills Hospital in Las Vegas.

18

19   37. On February 21, 2025, Plaintiff delivered via emergency C-section.

20

21   38. Plaintiff suffered acute hemorrhage, extreme vomiting, and nearly died.

22

23   39. Plaintiff required three doses of ephedrine to her thigh, administered as
24        resuscitative intervention.

25

26   40. Plaintiff lost consciousness due to dropping blood pressure and heart rate.

27

28

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

41. Plaintiff's hospital room became filled with medical personnel during emergency response.

42. Plaintiff's body, including intimate areas, was exposed in the presence of multiple professionals, including male staff.

43. When Plaintiff regained awareness, she heard her husband asking nurses for a towel to clean vomit from her hair.

44. Staff advised Plaintiffs' husband that they would handle it.

45. Plaintiff was physically unable to hold the child immediately after birth.

46. The Gestational Surrogacy Agreement provided Plaintiff would have at least one hour with the child following birth.

47. Hospital staff informed Plaintiff that her access to the child had been restricted.

48. Jasmine Hernandez initially represented via text that Defendant Zhang wanted the child placed in Plaintiff's room.

49. Plaintiff later learned hospital staff had received communication restricting Plaintiff's access.

50. Subsequent text messages reflect those instructions regarding access originated from Defendant Zhang.

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

51. Plaintiff was denied the contractual opportunity to hold the child.

52. Defendant Zhang later offered access only after arriving a day late and after Plaintiff had already been deprived of contractual rights.

53. Plaintiff declined contact at that point due to deception and extreme emotional harm.

54. After being denied the contractual right to see the child, Plaintiff immediately expressed emotional harm via text to agency representative, Jasmine Hernandez.

**E. Discovery of Concealment**

55. In July 2025, Plaintiff read a published news article reporting that Silvia Zhang and Guojun Xuan were operating Mark Surrogacy and had numerous surrogates and children.

56. Plaintiff reviewed California Secretary of State filings for Mark Surrogacy LLC, confirming Zhang's managerial role at 612 W. Camino Real Ave., Arcadia.

57. Mark Surrogacy was dissolved October 28, 2024, re-formed February 18, 2025, and terminated June 13, 2025.

58. Plaintiff immediately contacted agency personnel and Silvia Zhang on July 16, 2025 seeking clarification and received no substantive explanation.

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

59. On August 1, 2025, Plaintiff sent a written "Final Notice" to Silvia Zhang expressly stating she intended to pursue fraud, misrepresentation and breach of contract claims.

60. On August 2 and August 4, 2025, Zhang responded apologetically and expressed deep regret for the situation, but did not deny any allegations or the ownership or affiliation with Mark Surrogacy or Future Spring Surrogacy.

61. Defendants' later motion alleging Plaintiff improperly converted misrepresentation into fraud is contradicted by emails from Plaintiff to Defendant dated August 1, 2025, which preceded the lawsuit filing.

**F. Media Harassment**

62. On October 17, 2025, a prominent news station appeared uninvited at Plaintiffs' residence to speak about the surrogacy scandal.

63. The incident was captured on Plaintiffs' door camera.

64. Plaintiffs experienced anxiety, humiliation, sleep disruption, and distress.

**V. CAUSES OF ACTION**

**First Cause of Action – Fraud / Intentional Misrepresentation**

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

65. Defendants represented they were Intended Parents separate from the
agency.

66. Defendants concealed ownership and control of Mark Surrogacy and related
entities.

67. The misrepresentation was material.

68. Plaintiffs reasonably relied.

69. Plaintiffs suffered economic and emotional harm.

**Second Cause of Action – Fraudulent Concealment**

70. Defendants had exclusive knowledge of their ownership and dual role.

71. Defendants intentionally concealed this information.

72. Plaintiffs could not reasonably discover the concealment until July 2025.

73. Plaintiffs suffered severe damages.

**Third Cause of Action – Breach of Contract**

74. The Contract provides misrepresentation constitutes material breach.

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

75. Concealment of ownership constitutes material misrepresentation.

76. Interference with Plaintiff's post-birth contractual access constitutes breach.

77. Plaintiffs were damaged.

**Fourth Cause of Action – Intentional Infliction of Emotional Distress**

78. Defendants' conduct was extreme and outrageous.

79. Interfering with contractual rights during a life-threatening medical
    emergency was foreseeable to cause severe emotional harm.

80. Plaintiffs suffered and continue to suffer severe psychological trauma,
    anxiety, intrusive thoughts, sleep disruption, and ongoing distress related to
    Plaintiff's near-death experience.

81. Plaintiff's spouse and minor child continue to experience emotional harm
    from the trauma of nearly losing Plaintiff.

82. The emotional consequences remain ongoing and largely aprofound.

**VI. DAMAGES**

83. Economic damages exceeding $10,000.

84. Therapy and psychological treatment costs.

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

85. Travel and lodging expenses.

86. Filing and service costs.

87. Loss of business income.

88. Severe emotional distress damages, including ongoing psychological
    trauma.

89. Loss of enjoyment of life and relational harm within the family unit.

90. Punitive damages in an amount not less than $50,000,000

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request:

A. Compensatory damages according to proof;

B. Punitive damages not less than $50,000,000 and up to $100,000,000;

C. Costs of suit;

D. Such further relief as the Court deems just and proper.

Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557
tronjamesbooks@gmail.com

1    **DEMAND FOR JURY TRIAL**

2    Plaintiffs hereby demand a jury trial on all issues so triable.

3

4    **Plaintiffs file this First Amended Complaint in good faith pursuant to**

5    **this Court's February 3, 2026 Order granting leave to amend and to**

6    **clarify the factual and legal bases for each claim asserted herein.**

7

8

9    DATED: February 19, 2026

10

11   Respectfully submitted,

12

13   Tronderrica James

14   Plaintiff, Pro Se

15   7225 Moonraker Ave #109

16   Las Vegas, Nevada 89178

17   Telephone: 318-759-9557

18

19

20   Travis James

21   Plaintiff, Pro Se

22   7225 Moonraker Ave #109

23   Las Vegas, Nevada 89178

24   Telephone: 318-759-9557

25

26

27

28