Tronderrica James
7225 Moonraker Ave #109
Las Vegas, NV 89178
Tronjamesbooks@gmail.com
318-759-9557

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES; TRAVIS JAMES,
Plaintiffs,

v.

SILVIA SHASHA ZHANG;
GUOJUN XUAN;
MARK SURROGACY INVESTMENT LLC;
FUTURE SPRING SURROGACY LLC,
Defendants.

Case No. 2:25-cv-09450-FLA-KS

# PLAINTIFFS' MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE

INTRODUCTION

Plaintiffs respectfully move the Court for an order authorizing alternate service of process upon Defendants Silvia Shasha Zhang, Guojun Xuan, and Future Spring Surrogacy LLC.

Despite repeated attempts by licensed process servers over multiple months, Plaintiffs have been unable to complete traditional personal service. The service attempts documented in the attached declarations demonstrate that the residential address associated with Defendants Zhang and Xuan is protected by a locked gate and lacks any accessible intercom or communication system, preventing access to the front door of the residence. Process servers also documented the presence of occupants and vehicles at the property, yet service could not be completed.

Plaintiffs also attempted service on Defendant Future Spring Surrogacy LLC at the address listed in its California Secretary of State filings. Process servers documented that the listed suite number could not be located and that surrounding businesses appeared closed or inaccessible.

At the same time, Defendants have actual notice of this action through counsel, who confirmed representation of all named defendants and has already appeared in the case. Under these circumstances, authorizing alternate service through defense counsel and email is reasonably calculated to provide notice and will allow this action to proceed without further delay.

## I. PLAINTIFFS HAVE EXERCISED EXTENSIVE AND REPEATED DILIGENCE IN ATTEMPTING SERVICE

Plaintiffs retained licensed California process servers to serve Defendants Silvia Shasha Zhang and Guojun Xuan at the residential property associated with them located at 612 W Camino Real Ave, Arcadia, California 91007.

Process servers made numerous attempts to serve Defendants at varying dates and times, including attempts documented in October 2025 and March 2026.

Across these attempts, process servers consistently documented that the residence is located behind perimeter fencing and a locked gate which prevents direct access to the front door of the property.

Process servers further documented that the property contains no visible intercom system, doorbell, buzzer, or other communication device that would allow a visitor standing at the gate to contact occupants inside the residence.

Because the gate remained locked during each attempt, the process servers were unable to physically approach the residence. Instead, they waited at the gate, called out toward the residence, and attempted to alert occupants to their presence by announcing themselves and honking their vehicle horn.

During multiple attempts the process servers observed vehicles parked inside the driveway area behind the gate, including a white Toyota, indicating that the residence appeared to be occupied at the time service was attempted.

## II. TELEPHONE CONTACT WITH DEFENDANT SILVIA ZHANG

During one of the earlier service attempts, the process server attempted to contact the residence by telephone using a number associated with the address.

The server initially spoke with a male individual who spoke limited English. The call was then transferred to a female individual who identified herself as Silvia Zhang.

Ms. Zhang stated that she did not reside at the Arcadia property but declined to provide any alternate address where service could be completed.

## III. OBSERVATION OF AN INDIVIDUAL CONSISTENT WITH DEFENDANT GUOJUN XUAN

During a later service attempt on March 11, 2026, the process server observed an elderly Chinese male exiting the residence and approaching a black Mercedes SUV parked in the driveway.

The process server called out toward the individual and indicated that he had documents for "Sylvia or Xuan."

According to the process server's report, the individual appeared confused, briefly raised his hands in a gesture of uncertainty, and approached slightly before turning around and walking back toward the residence without accepting the documents.

## IV. SURVEILLANCE CAMERAS AT THE PROPERTY

Process servers also documented that multiple surveillance cameras are positioned around the exterior of the property.

Based on their placement, the cameras appear capable of monitoring the gate area and driveway where the process server approached the residence. The presence of these cameras suggests that occupants inside the residence likely had the ability to observe the process server attempting service at the gate.

## V. SERVICE ATTEMPTS AT FUTURE SPRING SURROGACY LLC ADDRESS

Future Spring Surrogacy LLC lists 10507 Valley Blvd, Suite 518, El Monte, California as its address in California Secretary of State filings dated July 11, 2024.

When service was attempted at that location, the process server documented that Suite 518 could not be located anywhere within the building.

The process server inspected surrounding buildings including those located at 10507, 10505, and 10503 Valley Blvd. The listed building appeared to contain multiple business spaces but all appeared closed at the time of the attempt.

The adjacent structure appeared to be private and inaccessible, and nearby businesses also appeared closed.

A nearby postal worker reportedly indicated that the building had been vacant for approximately two years.

## VI. DEFENSE COUNSEL CONFIRMED REPRESENTATION OF ALL NAMED DEFENDANTS

On January 30, defense counsel communicated with Plaintiffs and stated that he represents all named defendants included in the complaint.

Defense counsel subsequently filed a motion to dismiss, confirming that Defendants are aware of and actively participating in this litigation.

Despite that representation, the Notice of Interested Parties filed in this action listed only Silvia Shasha Zhang and Guojun Xuan and did not identify the corporate defendants.

## VII. ADDITIONAL FACTORS SUPPORT ALTERNATE SERVICE

Courts routinely authorize alternate service where plaintiffs demonstrate diligent attempts at personal service and where further attempts would likely be futile.

Here, the repeated service attempts documented by licensed process servers demonstrate that the Arcadia residence cannot be accessed due to a locked gate and lack of communication system at the property.

Additionally, the observation of occupants combined with surveillance cameras suggests that individuals inside the property were likely aware of service attempts but did not come forward to accept service.

Under these circumstances, additional attempts at traditional personal service would be unlikely to produce a different result and would only result in further delay.

VIII. REQUESTED METHOD OF ALTERNATE SERVICE

Plaintiffs respectfully request authorization to serve Defendants by:

1. Service upon defense counsel of record; and
2. Service by email to defense counsel.

IX. CONCLUSION

Plaintiffs have undertaken extensive efforts to serve Defendants through traditional methods. Those efforts revealed a gated residence preventing access, occupants present but unwilling to accept service, and a corporate service address that does not correspond to an identifiable suite location.

Authorizing alternate service under these circumstances will ensure that the formal requirements of Rule 4 are satisfied while preventing further delay caused by repeated unsuccessful attempts at personal service.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 13, 2024
Las Vegas, Nevada

[signature]
Trindeyan James
Pro Se, Plaintiff