Long Z. Liu (SBN: 236815)
Hanson Hsu (SBN: 333855)
THE LIU LAW FIRM
1163 Fairway Drive, Suite 105
City of Industry, CA 91789
P: 909-468-2165
E: Office@theliulawfirm.com

Attorney for Defendants, Silvia Shasha Zhang, and Guojun Xuan

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| Tronderrica James, an individual;<br>Travis James, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Silvia Shasha Zhang; Guojun Xuan; Mark Surrogacy Investment LLC; Future Spring Surrogacy LLC; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 2:25-CV-09450-FLA-KSx<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(5) AND RULE 12(b)(6)**<br><br>**Hearing Date: June 5, 2026**<br>**Time: 1:30 p.m.**<br><br>**Courtroom: 6B**<br>**Judge: Hon. Fernando L. Aenlle-Rocha** |

TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that on June 5, 2026, at 1:30 p.m. in Courtroom 6B of the above-entitled Court located First Street United States Courthouse located at 350 West First Street, Los Angeles, CA 90012. Counsel for Defendants Silvia Shasha

Zhang and Guojun Xuan ("Defendants") will appear specially only for the purposes of bringing this Motion.

This Motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, the complete files and records of this action, and such other evidence as may be presented at the hearing on this Motion.

THE LIU LAW FIRM

Date: April 28, 2026

Long Z. Liu, Attorney for Defendants
Silvia Shasha Zhang and Guojun Xuan

# TABLE OF CONTENTS


Memorandum of Points and Authorities........5

I. Statement of Facts........5

II. Legal Argument........8

A. RULE 12(b)(5) Allows Defendants to Move to Dismiss the FAC for Lack of Service........8

Federal Rule of Civil Procedure 12(b)(5)........8

Cabo Virgenes Shipping, Inc. v. Cosgold Lake Mar., Ltd., 2025 U.S. Dist. LEXIS 111189........8

Falco v. Nissan N. Am., Inc., 987 F. Supp. 2d 1071........8

Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110........8

Rule 4(m)........8

B. Standards for Dismissal Under Rule 12(b)(6)........9

Rule 12(b)(6)........9

Martinez v. City of Clovis, 90 Cal. App. 5th 193, 29.05........10

Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal........10

Today's IV v. Los Angeles County Metropolitan Transportation Authority 83 Cal. App. 5th 1137........10

York v. City of Los Angeles, 33 Cal. App. 5th 1178........10

Dondlinger v. Los Angeles County Regional Park & Open Space Dist., 31 Cal. App. 5th 994 A.S. v. Palmdale School Dist., 94 Cal. App. 5th 1091........10

C. Fraud-Based Causes of Action Do Not State Plausible Claims........11

Rule 9(b)....................11

Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003)....................11

Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011)....11

Vess v. Ciba-Geigy Corp, supra, 317 F. 3d at p. 1103....................12

Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007)....................12

LiMandri v. Judkins, 52 Cal. App. 4th 326, 336–37 (1997)....................12

Hines v. Wells Fargo Bank, N.A., 2018 WL 6729958....................12

D. Breach of Contract Cause of Action Fails....................13

E. Intentional Infliction of Emotional Distress Cause of Action Fails....................15

Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991)....................15

F. Punitive Damages Should be Stricken....................15

III. Conclusion....................16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

On October 3, 2025 Plaintiffs filed a Complaint against Defendants. However, service has still not been completed even though Plaintiffs have already petitioned to the Court that they be allowed to serve Defendants through alternative means of service and had such petition granted on December 4, 2025.

Thereafter, The Liu Law Firm was hired to represent the individual defendants (Zhang and Xuan) and initiated a meet and confer as to a motion to dismiss. Plaintiffs unequivocably refused to amend or dismiss the skeletal initial Complaint, which contained only three (3) sentences of legal conclusions masquerading as facts. This forced the motion to be filed.

In order to moot the motion, Plaintiffs later filed a First Amended Complaint ("FAC") on February 19, 2026 wherein the individual defendants did not change, and the causes of action largely did not change, but two of the defendants were changed from DBA identities of the individual defendants into separate legal entities. As such, the Complaint has not substantially changed and alternative service permission granted by the Court is still valid. However, service still remains at issue even though over seven (7) months have passed since the action was filed. The matter should be dismissed for lack of service. Due to the length of time that has passed after the

petition was granted and litigation began, it does not appear that Plaintiffs intend to take steps to satisfy the alternative service requirements that they themselves petitioned the Court to allow and which the Court has granted.

The FAC itself (like the initial Complaint before it) is also fatally defective, as its factual allegations do not support the causes of action therein. Several facts are also simple legal conclusions masquerading as facts, which fail to cause such certain causes of action to be well-pled.

Within the FAC are causes of action for: 1) Fraud/Intentional Misrepresentation; 2) Fraudulent Concealment; 3) Breach of Contract; and 4) Intentional Infliction of Emotional Distress.

Plaintiffs' FAC is a shotgun pleading lumping "Defendants" together without distinguishing their alleged roles, fails to plead fraud with Rule 9(b) particularity, and asserts contract and tort claims that are facially implausible/impossible and therefore legally barred. The core grievance that the Intended Parents also owned/operated the surrogacy agency is expressly acknowledged in the very communications and contract Plaintiffs cite. No duty to disclose additional ownership details existed in this arm's-length transaction, reliance was not justifiable as a matter of law, and the post-birth hospital events do not constitute actionable breach or "extreme and outrageous" conduct. The $50–100 million punitive-damages demand is also wholly unsupported

and should be stricken. The FAC should be dismissed with prejudice; further amendment would be futile.

Counsel for Defendants attempted to meet and confer with Plaintiff Tronderriva James via e-mail regarding the defects in the FAC on April 3, 2026. Later that same day, Plaintiff responded in disagreement with the assessment of the FAC. On April 6, 2026, Defendants' counsel responded. However, Plaintiff then indicated that there were extrinsic exhibits and information outside of the FAC that could support the causes of action. Defendants' counsel explained that for the purposes of a Rule 12 Motion, the Court only examines the FAC. However, this failed to persuade Plaintiff to dismiss any cause of action. Therefore, since meet and confer was unable to address the flaws in the FAC notice that this Motion would be made was given. Thereafter, Plaintiff indicated readiness to amend the Complaint, but did not give a specific date by which this would be done.

Further, there are no facts alleged that establish the standing of Travis James. It appears that the surrogate carrier, upon information and belief, is Tronderrica James. Thus it is unknown why Travis James is included in the suit.

As the Court will see below, further amendment will not cure the defects in the FAC. Therefore, the FAC should be dismissed.

///

///

## II.

## LEGAL ARGUMENT

### A. RULE 12(b)(5) ALLOWS DEFENDANTS TO MOVE TO DISMISS THE FAC FOR LACK OF SERVICE

Federal Rule of Civil Procedure 12(b)(5) allows a Defendant to move for dismissal of a complaint on the basis of insufficient service of process. Proper service of process is a procedural requirement that must be satisfied before a federal court can exercise personal jurisdiction over a Defendant. Without proper service, the court lacks the authority to render a judgment against the Defendant's person or property unless the Defendant consents to jurisdiction or waives the defect in service. *Cabo Virgenes Shipping, Inc. v. Cosgold Lake Mar., Ltd.*, 2025 U.S. Dist. LEXIS 111189, *Falco v. Nissan N. Am., Inc.*, 987 F. Supp. 2d 1071, *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110. However, Rule 12(b)(5) must be raised "at the earliest opportunity" in order to preserve the right to contest jurisdiction for lack of service, which is at the time the first pleading is filed. Therefore, Defendants raise this issue now, as this is the first pleading by Defendants in this action.

Rule 4(m) prescribes the time limit for service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

The Complaint was filed on October 3, 2025. Plaintiffs failed to serve the Summons and Complaint on Defendants. Instead, Plaintiffs petitioned with the Court to allow alternative service. The petition was granted on December 4, 2025. Plaintiffs later filed a FAC on February 19, 2026 wherein the individual defendants (Zhang and Xuan) did not change, and the causes of action did not change, but two of the defendants were changed from DBA identities of the individual defendants into separate legal entities. As such, the Complaint has not substantially changed and alternative service permission granted by the Court should still be valid. However, service still remains at issue even though over seven (7) months have passed since the action was filed. This is well beyond the 90 day period prescribed by Rule 4(m). Therefore, Defendants contest jurisdiction on the basis of total lack of service. There is no reason this matter should languish on the Court's docket to waste judicial resources if service is not going to be effectuated by Plaintiffs and the matter will not be properly prosecuted.

## B. STANDARDS FOR DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted" before the filing of an answer.

The rule requires the court to determine whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." This standard is satisfied when Plaintiff pleads factual content that allows the

court to draw the reasonable inference that the Defendant is liable for the alleged misconduct. *Martinez v. City of Clovis*, 90 Cal. App. 5th 193, 29.05.

The U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* clarified that **while courts must accept factual allegations as true, they are not bound to accept as true "a legal conclusion couched as a factual allegation."** A complaint must include enough factual content to allow the court to draw a reasonable inference that the Defendant is liable for the alleged misconduct. Conclusory statements or mere recitations of the elements of a claim, without supporting factual allegations, are insufficient to survive a motion under Rule 12(b)(6) or 12(c).

California courts, when applying federal pleading standards, similarly hold that legal conclusions are not assumed to be true. The plausibility standard requires factual content that allows the court to infer liability, and **legal conclusions alone do not meet this standard.** Additionally, California appellate courts have consistently held that they do not credit conclusions of law or fact, opinions, or speculation when reviewing motions for judgment on the pleadings. *Today's IV v. Los Angeles County Metropolitan Transportation Authority*, 83 Cal. App. 5th 1137, *York v. City of Los Angeles*, 33 Cal. App. 5th 1178, *Dondlinger v. Los Angeles County Regional Park & Open Space Dist.*, 31 Cal. App. 5th 994, *A.S. v. Palmdale School Dist.*, 94 Cal. App. 5th 1091.

///

As such, while Plaintiff is entitled to the Court accepting all facts pled by Plaintiff in the Complaint as true for the purpose of a motion for dismissal under these rules, this same entitlement does not apply to bare legal conclusions masquerading as facts. As such, the legal conclusions contained within the FAC are not considered to be facts that would allow it to survive Rule 12(b)(6).

**C. FRAUD-BASED CAUSES OF ACTIONS (FRAUD/INTENTIONAL MISREPRESENTATION AND FRAUDULENT CONCEALMENT) DO NOT STATE PLAUSIBLE CLAIMS**

Rule 9(b) states "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires a Plaintiff averring fraud plead the "who, what, when, where, and how" of the alleged misconduct as well as what is false or misleading about the purportedly fraudulent statement, and why it is false. *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003); see also *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Fraud-related causes of action have a heightened pleading requirement. It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement for fraud applies. "While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be

stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp*, supra, 317 F. 3d at p. 1103. Intentional misrepresentation is fraud.

The FAC repeatedly pleads "Defendants" collectively without identifying which specific defendant made which statement, when, or how. (See, e.g., FAC ¶¶ 1, 2, 17, 21, 65–66.) Defendant Xuan is never alleged to have spoken or acted. The corporate LLCs are not alleged to have made any representations or to be alter egos of the individuals. This is classic improper group pleading for fraud. See *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). The FAC pleads fraud-based claims without the "who, what, when, where, how" required by Rule 9(b).

The FAC also admits that Defendant Zhang disclosed the agency relationship (is. "Mark Surrogacy was 'my agent'") and that the contract expressly identified the Agency and stated it was not a party. (FAC ¶¶ 20, 25.) Plaintiffs cannot plausibly claim they were misled into believing the Intended Parents were "separate from any agency" when they knew an agency was involved and used its representative (Jasmine Hernandez) from the outset. (FAC ¶¶ 19–20.)

Fraudulent concealment also requires an affirmative duty to disclose. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336–37 (1997). However, no fiduciary or special relationship existed in this negotiated, arm's-length surrogacy transaction that would impose such a duty on Defendants.

///

Even assuming arguendo that there was a duty to disclose, according to the FAC itself, Defendant Zhang disclosed agency. Therefore there could not be reasonable reliance on a representation of being independent if there was a disclosure to the contrary. Reliance on an alleged "independent" status is impossible and unreasonable as a matter of law given the contract language and actual disclosure as alleged. See *Hines v. Wells Fargo Bank, N.A.*, 2018 WL 6729958, at *4 (C.D. Cal. Dec. 21, 2018). The harms alleged are also not causally linked to any pre-contract non-disclosure of ownership.

These fraud-based claims do not meet the required heightened pleading requirements. Even the scant facts that are provided are contradictory in nature. The fraud-based causes of action all must be dismissed.

**D. BREACH OF CONTRACT CAUSE OF ACTION FAILS**

The FAC identifies no contractual provision breached. In fact, according to Plaintiffs, the contract expressly stated the Agency was not a party and did not require disclosure of ownership. (FAC ¶¶ 25–26.) The alleged "misrepresentation constitutes material breach" clause (FAC ¶ 74) of the agreement is circular, vague, incorrect, conclusory, and does not change legal standards. There is no strict liability here for misrepresentation. Misrepresentations cannot logically be material simply for the fact that they occurred. For instance, if an Intended Parent in this matter "misrepresented" their physical bodily height by one (1) inch, "misrepresented" that their favorite food

was beef when it was actually chicken, or "misrepresented" that payment would be delivered on a certain date when payment actually was intended to be delivered a day early, those in and of themselves could never be material breaches of the subject agreement.

An analysis of why any alleged "misrepresentation" is material is always required. The misrepresentation must be related to the agreement and it must be explained why it strikes at the heart of the agreement to such a degree that it is material. That is conspicuously not present here, and the alleged clause is simply an improper legal conclusion that purports to state that any and all "misrepresentations" must be material breaches. It is an attempt to shortcut and circumvent the legal analysis. However, it fails because it does not change the requirements under the law. No copy of the agreement that allegedly exists is provided, either, which prevents the Court from assessing the agreement. However, even if the allegations regarding the contents of the agreement are true, the claim still fails.

Additionally, the post-birth access allegation is not tied to any specific contractual promise that Defendants (as opposed to hospital staff) violated. Even if any technical breach occurred, Plaintiffs allege they themselves willfully declined and refused contact (FAC ¶ 53) with the Intended Parents, negating damages. The claim is fatally deficient.

///

**E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED") CAUSE OF ACTION FAILS**

IIED requires conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). A contractual dispute usually does not meet this threshold. See *Yarborough v. Gentry*, 2005 WL 1683735, at *3 (C.D. Cal. July 18, 2005).

Additionally, any medical complications were not caused by Defendants. Even on the face of the pleading, Plaintiff Tronderrica James's alleged unanticipated medical complications appear to be what actually caused the emotional distress, if any, not a mere failure of the intended parents to timely be at the hospital for the birth of the child. The alleged failure of the intended parents to timely arrive at the hospital, while potentially discourteous or inconsiderate, did not cause the medical complications nor was it related in any way to the medical complications. It also appears that Plaintiff Travis James did not have complications. The claim is legally untenable as fails to explain why such simple alleged failure to timely be present for an event must be considered so extreme and outrageous it cannot be tolerated by any civilized society.

**F. PUNITIVE DAMAGES SHOULD BE STRICKEN**

The FAC demands $50–100 million in punitive damages with only conclusory allegations of "intentional fraud and concealment." (¶¶ 3, 90.) No specific facts support the requisite malice, oppression, or fraud as to each Defendant. As stated in the

foregoing, the FAC fails to meet the heightened pleading requirement for fraud-based claims. IIED is also clearly insufficiently pled. As such, the amount is facially excessive and violates due process. It is clear that punitive damages are inappropriate, so the demand must be stricken.

## III.

## CONCLUSION

Defendants requests that the Court dismiss the FAC for failure to effectuate service, as lack of service would mean a lack of personal jurisdiction over Defendants. As of the date of the filing of this Motion, Plaintiff has not effectuated service, be it personal, substitute, electronic, via mailing, or in any way whatsoever despite the Court granting his petition for alternative service. No proof of service has ever been filed. There is no reason for this matter to languish on the Court's docket and waste judicial resources if service will not be effectuated.

If the Court is inclined to grant Plaintiff more time to effectuate service, Defendants respectfully request that a certain period of time such as thirty (30) or sixty (60) days be prescribed and enforced by the Court to complete service and to file all necessary proof of service, to ensure compliance with formal service requirements.

///

///

///

Even without the service issue, the Court should dismiss the FAC in its entirety, and all causes of action, for failure to state and properly plead sufficient facts in support. The Complaint is so severely deficient, with contradictory facts present therein, that amendment will be futile and will not cure the numerous defects. None of the facts indicate why Travis James should be allowed to recover, as Tronderrica James appears to be the surrogate carrier and seems to be the main plaintiff.

Plaintiffs have the burden to show that amendment can cure the defects. However, if the Court is not inclined to dismiss the FAC and all causes of action, the Court should require that Plaintiff amend the Complaint within thirty (30) days.

Furthermore, to the extent that Defendants prevail on this Motion, Defendants expressly reserve the right to file a Motion for Attorney Fees and/or Costs at a later date in connection with having to file this Motion.

THE LIU LAW FIRM

Date: April 28, 2026

Long Z. Liu, Attorney for Defendants
Silvia Shasha Zhang and Guojun Xuan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): (1) Notice of Motion and Motion to Dismiss Complaint Pursuant to Rule 12(b)(5) and Rule 12 (b)(6)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/28/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ________________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/28/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Tronderrica James
7225 Moonraker Ave., Unit 109
Las Vegas, NV 89178
tronjamesbooks@gmail.com

Travis James
7225 Moonraker Ave., Unit 109
Las Vegas, NV 89178

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/28/2026 | Lily Hsu | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |