TRONDERRICA JAMES
TRAVIS JAMES
Plaintiffs, Pro Se
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557 a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

TRONDERRICA JAMES, an individual;
TRAVIS JAMES, an individual,
**Plaintiffs,** v.
SILVIA SHASHA ZHANG;
GUOJUN XUAN;
MARK SURROGACY INVESTMENT LLC;
FUTURE SPRING SURROGACY LLC;
**Defendants.**

**Case No.: 2:25-cv-09450-FLA-KS**

**DECLARATION OF TRONDERRICA JAMES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS SILVIA SHASHA ZHANG AND GUOJUN XUAN'S MOTION TO DISMISS**

I, Tronderrica James, declare as follows:


1

I am a Plaintiff in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. Defendants Silvia Shasha Zhang and Guojun Xuan state in their Motion to Dismiss that Plaintiffs were granted alternative service on December 4, 2025. That statement is incorrect.

3. No valid order granting Plaintiffs alternative service on Defendants Zhang and Xuan exists in this case.

4. The docket occurrence Defendants reference was stricken, corrected, or otherwise removed from the operative record and did not authorize Plaintiffs to serve Defendants by alternative means.

5. Plaintiffs have not ignored any alternative-service order. Plaintiffs did not have a valid alternative-service order to execute.

6. Plaintiffs have attempted to serve Defendants and have documented those attempts through declarations of non-service and related filings.

7. Plaintiffs also asked defense counsel whether he was authorized to accept service for Defendants Zhang and Xuan. Counsel stated he was not authorized to accept service.

8. Despite refusing to accept service, defense counsel has appeared specially, communicated with Plaintiffs', and filed the pending Motion to Dismiss.

9. Plaintiff Travis James was a signing party to the surrogacy contract at issue in this case.

10. The contract expressly stated that the Agency was not a party to the contract. Plaintiffs understood that language to mean that the Agency was separate from the contracting parties.

11. Plaintiffs' claim is not merely that an agency existed. Plaintiffs' claim is that Defendants concealed their ownership, control, and/or operational relationship with the agency-side entities while presenting the arrangement as involving a separate agency structure.

12. Plaintiffs are not requesting a generic extension of time. Plaintiffs request authorization to serve Defendants Zhang and Xuan by alternative means because ordinary service has been impracticable, Defendants have actual notice, and defense counsel has refused to accept service while Defendants continue to falsely claim that alternative service was already **granted.**

13. Plaintiffs can amend the complaint, if necessary, to add further detail regarding service history, contract provisions, Travis James's damages, Defendants' concealed control or ownership of the agency-side entities, and the specific communications and records supporting Plaintiffs' claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2026 at Las Vegas, Nevada.

TRONDERRICA JAMES