TRONDERRICA JAMES
TRAVIS JAMES
Plaintiffs, Pro Se
7225 Moonraker Ave #109
Las Vegas, NV 89178
318-759-9557

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

TRONDERRICA JAMES, an individual;
TRAVIS JAMES, an individual,
**Plaintiffs,**
v.
SILVIA SHASHA ZHANG;
GUOJUN XUAN;
MARK SURROGACY INVESTMENT LLC;
FUTURE SPRING SURROGACY LLC;
**Defendants.**

**Case No.: 2:25-cv-09450-FLA-KS**

**DECLARATION OF TRAVIS JAMES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS SILVIA SHASHA ZHANG AND GUOJUN XUAN'S MOTION TO DISMISS**

I, Travis James, declare as follows:

I am a Plaintiff in this action. I have personal knowledge of the facts stated in this declaration.

1. I was a signing party to the gestational surrogacy contract at issue in this case.
2. I was not a bystander to the surrogacy arrangement. I participated in the arrangement as Plaintiff Tronderrica James's husband, as a contracting party, and as a direct participant in the events giving rise to this action.
3. I understood the contract to create a structured surrogacy arrangement involving separate roles for the parties and the Agency.
4. The contract stated that the Agency was not a party to the contract. Based on that language and the structure of the arrangement, I understood the Agency to be separate from the Intended Parents.
5. I relied on the contract and the structure presented to Plaintiffs in deciding to participate in and proceed with the surrogacy arrangement.
6. Plaintiffs' claim is not simply that an agency existed. The issue is that Plaintiffs allege Defendants concealed their ownership, control, and/or operational relationship with the agency-side entities while presenting the arrangement as involving a separate agency structure. 8. The true relationship between the Intended Parents and the agency-side entities was material to me because it affected my trust in the arrangement, my understanding of who was controlling communications and administration, and my understanding of whether the Agency was separate from the Intended Parents.
9. I personally experienced harm from the events alleged in this case. I witnessed the trauma involving my wife, Tronderrica James, including the medical and emotional impact of the events surrounding the pregnancy, birth, hospital, and post-birth circumstances.
10. Watching my wife experience severe distress and trauma caused me severe emotional distress, fear, anxiety, and ongoing emotional harm.
11. The events alleged in this case also affected my family, my sense of safety and trust in the surrogacy arrangement, and my emotional well-being.
12. I also suffered harm as a contracting party because the alleged misrepresentations,

omissions, and breaches affected the surrogacy arrangement I signed and relied upon.

13. Defendants' Motion suggests there are no facts showing why I should be allowed to recover damages. That is incorrect. I was a signing party to the contract, I participated in the arrangement, I relied on the contractual structure, and I personally suffered harm from the alleged conduct.

14. If the Court finds additional detail is required in the operative complaint, Plaintiffs can amend to add further facts regarding my contractual status, reliance, participation, damages, and emotional distress.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2026 at Las Vegas, Nevada.

Travis James,

Pro Se Plaintiff