UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRONDERRICA JAMES, *et al.*,

Plaintiffs,

v.

SILVIA SHASHA ZHANG, *et al.*,

Defendants.

Case No. 2:25-cv-09450-FLA (KSx)

**ORDER REQUIRING PLAINTIFFS AND DEFENSE COUNSEL TO MEET AND CONFER REGARDING PLAINTIFFS' MOTION FOR SERVICE BY PUBLICATION [DKT. 56]; AND DENYING IN PART DEFENDANT SILVIA SHASHA ZHANG AND GUOJUN XUAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) [DKT. 60]**

On March 13, 2026, *pro se* Plaintiffs Tronderrica and Travis James ("Plaintiffs") filed a Motion for Order Authorizing Alternate Service ("Service Motion"). Dkt. 56. Plaintiffs detail their efforts to complete service of process on Defendants Silvia Shasha Zhang ("Zhang"), Guojun Xuan ("Xuan"), and Future Spring Surrogacy LLC ("Future Spring"), and request the court authorize alternate service through defense counsel. *Id.* at 1–4. Plaintiffs separately state they completed service of process on Defendant Mark Surrogacy Investment LLC ("Mark Surrogacy") on March 12, 2026. Dkt. 56-2 at 1; Dkt. 56-3.

On April 28, 2026, Defendants Zhang and Xuan filed a Motion to Dismiss Complaint ("Motion to Dismiss"), requesting in relevant part that the court dismiss the operative First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5), for failure to complete service. Dkt. 60 at 5. Defendants Zhang and Xuan appear to believe the court granted Plaintiffs' prior Motion for Order Authorizing Alternate Service (Dkt. 9), and request the court dismiss the action for failure to complete service timely. *See* Dkt. 60 at 5 (erroneously stating the court granted Plaintiffs' prior Service Motion on December 4, 2025). The court did not. Dkt. 22 (Order denying Plaintiffs' prior motion without prejudice as moot).

"An individual, corporation, or association that is subject to service under [Fed. R. Civ. P.] 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1).

As it is undisputable that Defendants Zhang and Xuan have actual notice of this action, the court ORDERS Plaintiffs and counsel for these Defendants to meet and confer, within seven (7) days of the date of this Order, regarding the following subjects:

1. Whether defense counsel is also or will be representing defendants Mark Surrogacy and Future Spring;
2. Whether defense counsel is authorized <u>and</u> willing to accept or waive service for any or all Defendants, upon receipt of a written request for waiver pursuant to Fed. R. Civ. P. 4(d)(1);
3. If defense counsel is also representing Defendant Mark Surrogacy, whether service on this Defendant was sufficient (Dkt. 56-3); and
4. If defense counsel is not authorized <u>and</u> willing to accept or waive service on behalf of any or all Defendants, what are the address(es) where any such Defendant(s) can be served.

The parties are further ORDERED to submit a joint status report within fourteen (14) days of the date of this Order, regarding the substance of the parties' discussion and whether defense counsel is authorized and willing to accept or waive service on behalf of any or all Defendants.

If defense counsel is not authorized and willing to accept or waive service for any or all Defendants, the court shall grant Plaintiffs leave to serve such Defendant(s) by alternate means, which may include service by publication (Cal. Code Civ. Proc. § 415.50) or by personal delivery to the Secretary of State (Cal. Corp. Code § 2111), and all orders necessary to facilitate Plaintiffs' efforts to complete service, with reasonable costs to be imposed on any Defendant(s) who avoided and/or refused to waive service (*see* Fed. R. Civ. P. 4(d)(2)).

Defendants' Zhang and Xuan's Motion to Dismiss is DENIED in part, with respect to the request to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for lack of service (Dkt. 60 at 8–9). The portion of the Motion to Dismiss that was brought pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 60 at 9–16) shall remain under submission. *See* Dkt. 62.

IT IS SO ORDERED.

Dated: July 6, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge