UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRONDERRICA JAMES and TRAVIS JAMES, Plaintiffs<br>v.<br>SILVIA SHASHA ZHANG; GUOJUN XUAN;<br>MARK SURROGACY INVESTMENT LLC; and FUTURE SPRING | Case No. 2:25-cv-09450-FLA-KS<br>CLERK REQUEST - RULE 45(a)(3)<br>RECORDS-ONLY / AO 88B |

## REQUEST FOR ELECTRONIC ISSUANCE OF ONE RECORDS-ONLY SUBPOENA

November 5, 2026
Clerk of Court
United States District Court, Central District of California
Submitted through CM/ECF: "Subpoena Request (AO 88)" event

**Re: James v. Zhang et al. | Proposed AO 88B subpoena to Hallie Hernandez**

Dear Clerk of Court:

Plaintiffs Tronderrica James and Travis James, proceeding pro se, request electronic issuance under Fed. R. Civ. P. 45(a)(3) of the attached AO 88B subpoena directed to Hallie Hernandez. It seeks existing nonprivileged documents and electronically stored information only; no testimony, personal appearance or premises inspection is requested.

The attached proposed AO 88B includes its corresponding Exhibit A. The requested records concern recruitment, matching and intended-parent representations, agency identities, and related nonprivileged communications.

Plaintiffs request that the Clerk sign and issue the subpoena through CM/ECF. Prior to service, Plaintiffs will complete a lawful physical place of compliance and reasonable deadline, provide the Rule 45(a)(4) advance notice and subpoena copy to all other parties, and arrange service under Rule 45(b). Electronic production is optional by agreement.

If another procedure is required for issuance, Plaintiffs respectfully request instructions through CM/ECF. The request does not seek any judicial ruling on objections or privilege.

Respectfully submitted,

_______________________ _______________________

Tronderrica James, Plaintiff Pro Se    Travis James, Plaintiff Pro Se

Contact: 7225 Moonraker Ave., Unit 109, Las Vegas, NV 89178 | tronjamesbooks@gmail.com | (318) 759-9557

DRAFT - NOT ISSUED

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

**Tronderrica James and Travis James**

*Plaintiff*

v.

**Silvia Shasha Zhang, et al.**

*Defendant*

**CASE NO. 2:25-cv-09450-FLA-KS**

**DISTRICT JUDGE:**
**Hon. Fernando L. Aenlle-Rocha**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Hallie Hernandez

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

**SECURE ELECTRONIC PRODUCTION PERMITTED BY MUTUAL AGREEMENT (SEE EXHIBIT A).**

| Place | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PLAINTIFFS (PRO SE), who issues or requests this subpoena, are:

Tronderrica James | 7225 Moonraker Ave., Unit 109, Las Vegas, NV 89178 | tronjamesbooks@gmail.com | (318) 759-9557

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-09450-FLA-KS

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
__________________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
__________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ______________

__________________________________________
*Server's signature*

__________________________________________
*Printed name and title*

__________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Tronderrica James
tronjamesbooks@gmail.com
7225 Moonraker Ave., Unit 109
Las Vegas, NV 89178
Telephone: (318) 759-9557
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRONDERRICA JAMES and<br>TRAVIS JAMES, Plaintiffs,<br>v.<br>SILVIA SHASHA ZHANG;<br>GUOJUN XUAN;<br>MARK SURROGACY INVESTMENT LLC;<br>and FUTURE SPRING SURROGACY,<br>Defendants. | **Case No. 2:25-cv-09450-FLA-KS**<br><br>**RECORDS-ONLY SUBPOENA**<br>**EXHIBIT A**<br><br>**Hon. Fernando L. Aenlle-Rocha** |

## EXHIBIT A - HALLIE HERNANDEZ
## REQUESTS FOR EXISTING DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**DIRECTED TO: Hallie Hernandez**

SUBJECT: Recruitment and matching materials; intended-parent representations; agency affiliations and any later corrections relating to the recipient's arrangement.

## EXHIBIT A - HALLIE HERNANDEZ (CONTINUED)

RELEVANT PERIOD: The beginning of the recipient's arrangement involving Zhang or Xuan through November 5, 2026, limited to that arrangement and later relevant corrections or disputes.

## I. REQUESTS FOR EXISTING RECORDS

1. Copies of existing intended-parent profile(s), matching materials, introduction messages, profiles, or advertisements provided to the recipient relating to Silvia Shasha Zhang and/or Guojun Xuan, including representations about their relationship, existing children, infertility, or reason for engaging a surrogate.

2. Existing nonprivileged communications with Mark Surrogacy Investment LLC, Future Spring Surrogacy, their personnel, Silvia Zhang, or Guojun Xuan discussing their identities, family composition, simultaneous surrogate pregnancies, prior surrogacy arrangements, or the agency's ownership, affiliations, or independence.

3. Existing signed or proposed surrogacy agreements, relevant amendments, nonprivileged contract drafts or schedules, or introductions identifying the intended parents and any contracting or arranging agency, including relevant signature, entity, or approval pages; unrelated personal data may be redacted.

4. Existing nonprivileged recruiting, matching, screening, and intake messages sufficient to identify the agency personnel who represented the intended parents or communicated the intended-parent information to the recipient.

5. Existing nonprivileged correspondence about when, by whom, and in what words the recipient was informed that Zhang or Xuan owned, managed, controlled, worked for, or were financially connected to an agency involved in the arrangement.

## EXHIBIT A - HALLIE HERNANDEZ (CONTINUED)

6. Existing nonprivileged communications correcting or disputing earlier statements about the parents, their marital/relationship status, number of children, agency ownership, or other surrogacies; include documents reflecting the dates of those communications.

7. Existing nonprivileged instructions or communications regarding restrictions on contacting the intended parents, communications through agency intermediaries, or confidentiality restrictions directed at discussing the intended parents with other surrogates.

8. Existing nonprivileged notices, emails, messages, or correspondence, excluding confidential child-protection and juvenile-court materials, about responses by Zhang, Xuan, or agency personnel after the recipient raised questions or concerns about the facts listed above.

9. Existing nonprivileged correspondence and profiles identifying the intended parents, agency, and person who first represented the contemplated surrogacy to the recipient.

10. Existing nonprivileged documents identifying any representation to the recipient about whether the intended parents had children, were a couple, were using other gestational carriers, or had engaged additional agencies.

11. Existing nonprivileged communications revealing, clarifying, or correcting information about Zhang's or Xuan's connection to Mark Surrogacy, Future Spring, or any intermediary agency.

12. Existing nonprivileged texts, emails, or notices showing whether the recipient raised questions or concerns about the intended-parent profile, agency independence, communications protocol, or other overlapping arrangements.

## EXHIBIT A - HALLIE HERNANDEZ (CONTINUED)

## SCOPE, PRIVILEGE AND PRIVACY PROTECTIONS

Only existing, relevant, nonprivileged documents and electronically stored information within the recipient's possession, custody or control are requested. Reported statements and events identify subjects for discovery and are not asserted as proven. No new declaration, witness narrative, chronology, investigation, forensic extraction, device surrender, password, deposition, personal appearance, or premises inspection is commanded.

No attorney-client advice, attorney work product, communications with litigation counsel for legal advice, unrelated personal financial records, full medical charts, private genetic results, confidential juvenile-court or child-protection records, or identifying information of children or unrelated surrogates is requested. Redact unrelated sensitive information while preserving responsive context, dates, authorship and nonprivileged transactional information. Applicable privileges, privacy laws and protective orders control.

## DOCUMENT FORM AND OPTIONAL SECURE ELECTRONIC DELIVERY

Produce records as kept in the ordinary course or organized by request number, in a reasonably usable form. Existing emails, texts, attachments, screenshots, profiles, contract excerpts and timestamps are acceptable. Preserve relevant available metadata where reasonably accessible. No duplicative production in multiple formats is required. By mutual written agreement, records may be produced through secure electronic transfer instead of physical delivery. No public sharing link, account password, or device surrender is sought. Contact: tronjamesbooks@gmail.com.

## COMPLIANCE, PRIOR NOTICE AND OBJECTIONS

Before nonparty service, the clerk-issued AO 88B must state a physical place of compliance within the limits of Rule 45(c) and a reasonable date and time. Secure electronic production by agreement does not

## EXHIBIT A - HALLIE HERNANDEZ (CONTINUED)

replace or expand those requirements. Rule 45(a)(4) prior notice and a copy of each completed subpoena must be served on each other party before serving the nonparty. Objections, privilege assertions and protections under Rule 45(d) and (e) remain available. The requesting party must take reasonable steps to avoid undue burden and expense.