Tronderrica James
tronjamesbooks@gmail.com
7225 Moonraker Ave., Unit 109
Las Vegas, NV 89178
Telephone: (318) 759-9557
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRONDERRICA JAMES and<br>TRAVIS JAMES, Plaintiffs,<br>v.<br>SILVIA SHASHA ZHANG;<br>GUOJUN XUAN;<br>MARK SURROGACY INVESTMENT LLC;<br>and FUTURE SPRING SURROGACY,<br>Defendants. | **Case No. 2:25-cv-09450-FLA-KS**<br><br>**RECORDS-ONLY SUBPOENA**<br>**EXHIBIT A**<br><br>**Hon. Fernando L. Aenlle-Rocha** |

## EXHIBIT A - HALLIE HERNANDEZ
## REQUESTS FOR EXISTING DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**DIRECTED TO:** Hallie Hernandez

**SUBJECT:** Recruitment and intended-parent profiles; representations about family composition, simultaneous surrogacies, agency relationships and any later corrections.

## EXHIBIT A - HALLIE HERNANDEZ (CONTINUED)

**RELEVANT PERIOD:** From the initial recruitment or matching involving Zhang or Xuan through November 5, 2026, plus later relevant communications concerning the same arrangement.

## I. REQUESTS FOR EXISTING RECORDS

**1.** Copies of existing intended-parent profile(s), matching materials, introduction messages, profiles, or advertisements provided to the recipient relating to Silvia Shasha Zhang and/or Guojun Xuan, including representations about their relationship, existing children, infertility, or reason for engaging a surrogate.

**2.** Existing nonprivileged communications with Mark Surrogacy Investment LLC, Future Spring Surrogacy, their personnel, Silvia Zhang, or Guojun Xuan discussing their identities, family composition, simultaneous surrogate pregnancies, prior surrogacy arrangements, or the agency's ownership, affiliations, or independence.

**3.** Existing signed or proposed surrogacy agreements, relevant amendments, nonprivileged contract drafts or schedules, or introductions identifying the intended parents and any contracting or arranging agency, including relevant signature, entity, or approval pages; unrelated personal data may be redacted.

**4.** Existing nonprivileged recruiting, matching, screening, and intake messages sufficient to identify the agency personnel who represented the intended parents

**EXHIBIT A - HALLIE HERNANDEZ (CONTINUED)**

or communicated the intended-parent information to the recipient.

**5.** Existing nonprivileged correspondence about when, by whom, and in what words the recipient was informed that Zhang or Xuan owned, managed, controlled, worked for, or were financially connected to an agency involved in the arrangement.

**6.** Existing nonprivileged communications correcting or disputing earlier statements about the parents, their marital/relationship status, number of children, agency ownership, or other surrogacies; include documents reflecting the dates of those communications.

**7.** Existing nonprivileged instructions or communications regarding restrictions on contacting the intended parents, communications through agency intermediaries, or confidentiality restrictions directed at discussing the intended parents with other surrogates.

**8.** Existing nonprivileged notices, emails, messages, or correspondence, excluding confidential child-protection and juvenile-court materials, about responses by Zhang, Xuan, or agency personnel after the recipient raised questions or concerns about the facts listed above.

**9.** Existing nonprivileged correspondence and profiles identifying the intended parents, agency, and person who first represented the contemplated surrogacy to the recipient.

**10**Existing nonprivileged documents identifying any representation to the recipient

## EXHIBIT A - HALLIE HERNANDEZ (CONTINUED)

about whether the intended parents had children, were a couple, were using other gestational carriers, or had engaged additional agencies.

**11**Existing nonprivileged communications revealing, clarifying, or correcting information about Zhang's or Xuan's connection to Mark Surrogacy, Future Spring, or any intermediary agency.

**12**Existing nonprivileged texts, emails, or notices showing whether the recipient raised questions or concerns about the intended-parent profile, agency independence, communications protocol, or other overlapping arrangements.

## SCOPE, PRIVILEGE AND PRIVACY PROTECTIONS

Only existing, relevant, nonprivileged documents and electronically stored information within the recipient's possession, custody or control are requested. Reported statements and events identify subjects for discovery and are not asserted as proven. No new declaration, witness narrative, chronology, investigation, forensic extraction, device surrender, password, deposition, personal appearance, or premises inspection is commanded.

No attorney-client advice, attorney work product, communications with litigation counsel for legal advice, unrelated personal financial records, full medical charts, private genetic results, confidential juvenile-court or child-protection records, or identifying information of children or unrelated surrogates is requested.

Redact unrelated sensitive details while preserving the responsive context, dates, authorship and nonprivileged transactional information. Applicable privileges, privacy law and protective orders control.

EXHIBIT A - HALLIE HERNANDEZ (CONTINUED)

## DOCUMENT FORM AND OPTIONAL SECURE ELECTRONIC DELIVERY

Produce responsive documents as kept in the ordinary course of business or organized by request number, in reasonably usable form. Where maintained and reasonably accessible, preserve native messages, emails, spreadsheets, original media, attachments, relevant metadata, timestamps, sender/recipient or account identifiers and source URLs.

Legible screenshots or searchable PDFs are acceptable when native exports are not reasonably accessible. No duplicative production in multiple formats is required.

Records may be delivered by mutually agreed secure electronic means instead of physical delivery; no personal appearance is required for this records-only subpoena.

No public sharing link, account credentials or unilateral electronic subpoena service is authorized.

## COMPLIANCE, PRIOR NOTICE AND OBJECTIONS

Before nonparty service, the clerk-issued AO 88B must state a legally appropriate physical place of compliance under Federal Rule of Civil Procedure 45(c) and a reasonable date and time; secure electronic production by agreement does not replace or expand those limits.

Serve the prior notice and copy required by Rule 45(a)(4) on each other party before serving the nonparty. Objections, privilege assertions and protections under Rule 45(d) and (e) remain available. The requesting party will take reasonable steps to avoid undue burden and expense.