Tronderrica James
tronjamesbooks@gmail.com
7225 Moonraker Ave., Unit 109
Las Vegas, NV 89178
Telephone: (318) 759-9557
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRONDERRICA JAMES and<br>TRAVIS JAMES, Plaintiffs,<br>v.<br>SILVIA SHASHA ZHANG;<br>GUOJUN XUAN;<br>MARK SURROGACY INVESTMENT LLC;<br>and FUTURE SPRING SURROGACY,<br>Defendants. | **Case No. 2:25-cv-09450-FLA-KS**<br><br>**RECORDS-ONLY SUBPOENA**<br>**EXHIBIT A**<br><br>**Hon. Fernando L. Aenlle-Rocha** |

## EXHIBIT A - KAYLA ELLIOTT
## REQUESTS FOR EXISTING DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**DIRECTED TO:** Kayla Elliott

**SUBJECT:** Reported 2024 recruitment through Mark Surrogacy; intended-parent profiles, agency communications, disclosures about additional surrogacies and the reported 2025 delivery.

## EXHIBIT A - KAYLA ELLIOTT (CONTINUED)

**RELEVANT PERIOD:** January 1, 2024 through November 5, 2026, plus later preserved records specifically concerning the same arrangement.

## I. REQUESTS FOR EXISTING RECORDS

**1.** Copies of existing intended-parent profile(s), matching materials, introduction messages, profiles, or advertisements provided to the recipient relating to Silvia Shasha Zhang and/or Guojun Xuan, including representations about their relationship, existing children, infertility, or reason for engaging a surrogate.

**2.** Existing nonprivileged communications with Mark Surrogacy Investment LLC, Future Spring Surrogacy, their personnel, Silvia Zhang, or Guojun Xuan discussing their identities, family composition, simultaneous surrogate pregnancies, prior surrogacy arrangements, or the agency's ownership, affiliations, or independence.

**3.** Existing signed or proposed surrogacy agreements, relevant amendments, nonprivileged contract drafts or schedules, or introductions identifying the intended parents and any contracting or arranging agency, including relevant signature, entity, or approval pages; unrelated personal data may be redacted.

**4.** Existing nonprivileged recruiting, matching, screening, and intake messages sufficient to identify the agency personnel who represented the intended parents or communicated the intended-parent information to the recipient.

## EXHIBIT A - KAYLA ELLIOTT (CONTINUED)

**5.** Existing nonprivileged correspondence about when, by whom, and in what words the recipient was informed that Zhang or Xuan owned, managed, controlled, worked for, or were financially connected to an agency involved in the arrangement.

**6.** Existing nonprivileged communications correcting or disputing earlier statements about the parents, their marital/relationship status, number of children, agency ownership, or other surrogacies; include documents reflecting the dates of those communications.

**7.** Existing nonprivileged instructions or communications regarding restrictions on contacting the intended parents, communications through agency intermediaries, or confidentiality restrictions directed at discussing the intended parents with other surrogates.

**8.** Existing nonprivileged notices, emails, messages, or correspondence, excluding confidential child-protection and juvenile-court materials, about responses by Zhang, Xuan, or agency personnel after the recipient raised questions or concerns about the facts listed above.

**9.** Existing February 2024-era Facebook recruitment communications and copies of the intended-parent profile reportedly supplied by Mark Surrogacy, with statements about the parents' relationship, prior child or children, family goals, and anticipated involvement.

**10**Existing nonprivileged messages from Mark Surrogacy or its staff about other

**EXHIBIT A - KAYLA ELLIOTT (CONTINUED)**

simultaneous gestational carriers, including any answer to questions raised after learning about another surrogate or additional children.

**11**Existing messages indicating which named agency staff served as the primary contact and whether they discouraged direct contact with Zhang or Xuan.

**12**Existing nonprivileged correspondence with Zhang, Xuan, or agency staff about the reported March 2025 delivery, arrangements for the intended parents' attendance or pickup, and post-delivery instructions, excluding the child's medical or custody records. James v. Zhang et al. | 2:25-cv-09450-FLA-KS | Records only | Draft Exhibit A Page 2

**13**Existing nonprivileged portions of payment schedules, remittance communications, or receipts identifying the person or entity paying contract compensation, allowances, or cash gifts; redact account numbers and unrelated financial information.

**14**Existing nonprivileged messages or documents concerning Zhang's or Xuan's response when the recipient learned that the parents had more children or simultaneous surrogacies than previously represented.

## SCOPE, PRIVILEGE AND PRIVACY PROTECTIONS

Only existing, relevant, nonprivileged documents and electronically stored information within the recipient's possession, custody or control are requested. Reported statements and events identify subjects for discovery and are not asserted

EXHIBIT A - KAYLA ELLIOTT (CONTINUED)

as proven. No new declaration, witness narrative, chronology, investigation, forensic extraction, device surrender, password, deposition, personal appearance, or premises inspection is commanded.

No attorney-client advice, attorney work product, communications with litigation counsel for legal advice, unrelated personal financial records, full medical charts, private genetic results, confidential juvenile-court or child-protection records, or identifying information of children or unrelated surrogates is requested.

Redact unrelated sensitive details while preserving the responsive context, dates, authorship and nonprivileged transactional information. Applicable privileges, privacy law and protective orders control.

## DOCUMENT FORM AND OPTIONAL SECURE ELECTRONIC DELIVERY

Produce responsive documents as kept in the ordinary course of business or organized by request number, in reasonably usable form. Where maintained and reasonably accessible, preserve native messages, emails, spreadsheets, original media, attachments, relevant metadata, timestamps, sender/recipient or account identifiers and source URLs.

Legible screenshots or searchable PDFs are acceptable when native exports are not reasonably accessible. No duplicative production in multiple formats is required.

Records may be delivered by mutually agreed secure electronic means instead of physical delivery; no personal appearance is required for this records-only subpoena.

No public sharing link, account credentials or unilateral electronic subpoena service is authorized.

EXHIBIT A - KAYLA ELLIOTT (CONTINUED)

## COMPLIANCE, PRIOR NOTICE AND OBJECTIONS

Before nonparty service, the clerk-issued AO 88B must state a legally appropriate physical place of compliance under Federal Rule of Civil Procedure 45(c) and a reasonable date and time; secure electronic production by agreement does not replace or expand those limits.

Serve the prior notice and copy required by Rule 45(a)(4) on each other party before serving the nonparty. Objections, privilege assertions and protections under Rule 45(d) and (e) remain available. The requesting party will take reasonable steps to avoid undue burden and expense.