Tronderrica James and Travis James, Pro Se
7225 Moonraker Ave., Unit 109
Las Vegas, NV 89178
Telephone: 318-759-9557
Email: TronJamesBooks@gmail.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRONDERRICA JAMES, an individual; and TRAVIS JAMES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SILVIA SHASHA ZHANG, an individual; GUOJUN XUAN, an individual; MARK SURROGACY INVESTMENT LLC; and FUTURE SPRING SURROGACY LLC,<br><br>Defendants. | Case No.: 2:25-cv-09450-FLA-KS<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY AND FOR EXPEDITED CONSIDERATION AND ENLARGED WORD LIMIT**<br><br>Hon. Fernando L. Aenlle-Rocha<br>Related hearing: Dec. 9, 2026<br>1:30 p.m. \| Courtroom 6B<br>Action filed: October 3, 2025 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELIEF REQUESTED

Plaintiffs Tronderrica James and Travis James request leave under Local Rule 7-10 to file the attached proposed sur-reply to Defendants' November 24, 2026 Reply and Supplemental Declaration (Dkts. 133, 133-1) in support of the pending Motion to Stay (Dkt. 122). Plaintiffs request expedited consideration before the December 9, 2026 hearing, pursuant to Local Rules 6-1 and 7-19, and express authorization to exceed any otherwise applicable word limit, up to 8,000 words for the proposed sur-reply. Plaintiffs request that the Court decide this application on the papers and preserve the existing hearing date if practicable.

## II. GOOD CAUSE FOR LEAVE

The Reply introduces facts concerning discovery activity occurring after Plaintiffs filed their Opposition (Dkt. 124). In particular, paragraph 4 of counsel's Supplemental Declaration asserts under penalty of perjury that counsel had not received the Rule 45(a)(4) notice or copies of the six subpoenas issued on November 13. Paragraph 8 reiterates the asserted absence of notice. Plaintiffs dispute the resulting implication that they failed to provide advance notice. USPS tracking number 9400130109355796809843 records delivery in Pasadena, California, on November 16, 2026, at 1:52 p.m., eight days before counsel executed his declaration. Plaintiffs seek to submit their sworn account of the mailing and the tracking evidence. Delivery evidence does not establish who personally opened the package; it directly bears upon the factual premise of Defendants' procedural criticism.

The Reply also relies upon newly issued brokerage subpoenas, the status of unserved entity subpoenas, and asserted burdens arising from the scope and method of Plaintiffs' discovery. These matters bear directly upon the requested 180-day stay and the prejudice to Plaintiffs. Plaintiffs had no opportunity to respond to the new factual assertions in their original Opposition.

The Ninth Circuit has recognized that when new evidence is presented in reply, the opposing party should have an opportunity to respond before the court relies on it. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (summary judgment context). The same fairness consideration supports leave here. The Court can consider the new facts and their significance in applying Keating v. Office of Thrift Supervision, 45 F.3d 322, 324–25 (9th Cir. 1995).

## III. EXPEDITED CONSIDERATION AND LENGTH

The Reply was filed November 24, 2026, and the stay hearing is scheduled for December 9, 2026. The ordinary noticed-motion timetable under Local Rule 6-1 would extend beyond that hearing. Plaintiffs request expedited consideration to avoid adjudication of the stay motion before they have an opportunity to address the new sworn assertions. The timing arises from the filing of Defendants' Reply, not from a delay by Plaintiffs in responding to it. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiffs request no immediate substantive ruling on the stay through this application and do not seek to deprive Defendants of a reasonable opportunity to respond.

The proposed memorandum contains approximately 7,409 words based on extraction of its text, exclusive of the caption, contents and signature block. Plaintiffs request express authorization for a maximum of 8,000 words, rather than assuming that the ordinary reply or memorandum limit permits the submission. The breadth of the response reflects the numerous factual assertions and arguments in the Reply. If the Court prefers a shorter response, Plaintiffs request leave to submit a condensed version within a deadline set by the Court.

## IV. OPPOSING COUNSEL AND NOTICE

Farzad Seyfnia, Seyfnia & Prybylo, LLP, 131 W. Green St., Suite B, Pasadena, California 91105; telephone (213) 770-4529; email fseyfnia@splawllp.com, represents Silvia Shasha Zhang and Guojun Xuan. Plaintiffs' notice efforts and counsel's position must be set forth in the accompanying declaration of notice

pursuant to Local Rule 7-19.1.

**V. CONCLUSION**

Plaintiffs request that the Court grant leave to file the proposed sur-reply and supporting declaration and exhibit; authorize its expanded word count; and consider those materials in resolving the Motion to Stay. Alternatively, Plaintiffs request that the Court authorize a shorter response or decline to rely upon new factual assertions to which Plaintiffs have not been allowed to respond. Plaintiffs request that the December 9 hearing remain as scheduled unless the Court directs otherwise.

Respectfully submitted,

Dated: November 24, 2026

/s/ Tronderrica James

TRONDERRICA JAMES, Plaintiff, Pro Se

/s/ Travis James

TRAVIS JAMES, Plaintiff, Pro Se

**CERTIFICATE OF COMPLIANCE**

The undersigned Plaintiffs certify that this memorandum contains 689 words, which complies with Local Rule 11-6.1. The count excludes the caption, signature block and this certificate.

Dated: November 24, 2026

/s/ Tronderrica James

/s/ Travis James